WARREN SMITH *vs.* JOHN DEIDRICK and others.

*December 15, 1882.*

**A Preference Voidable under the Bankrupt Law, held Valid as against a Judgment Creditor.**—Transfers of property by an insolvent debtor, valid by the state law, but declared void by section 35 of the federal bankrupt act, are voidable only in favor of proceedings in bankruptcy, and

the fact that such transfers are in fraud of the bankrupt act is only available in proceedings under and in aid of such act. Hence, in an action by a judgment creditor in aid of his execution, a transfer of property by the judgment debtor, valid where made under the state law, cannot be declared void as against such creditor, although voidable under the bankrupt act.

Appeal by plaintiff from a judgment of the district court for Waseca county, *Buckham*, J., presiding. The case is stated in the opinion.

*Lewis & Leslie*, for appellant.

If the bankrupt act had not been in force when the transfer was made by John Deidrick to his wife, and the consideration on which it was made were a valid debt, then John Deidrick had a right to prefer his wife to other creditors. But the bankrupt law was in force and declared such conveyances void. U. S. Rev. St. § 5128. This court, like all state courts, is bound by the federal statute, which was then the paramount law. It is true that this is a state court, and we are invoking the aid of the state to obtain our rights. But we claim that our rights rest on the law, federal as well as state, existing at the time the acts were done. It is no answer to say that the state law permits preferences, because the bankrupt law, which was supreme, prohibited them.

The state law declares every conveyance made with intent to hinder, delay or defraud creditors void. Therefore under the state law these conveyances were void, not because they were preferences, but because, owing to the bankrupt law, they were made with an intent to defraud the other creditors out of a rightful proportion of dividend under the bankruptcy proceedings.

*Collester Bros.*, for respondents.

MITCHELL, J.*   This is an action brought by plaintiff, a judgment creditor of defendant John Deidrick, in aid of his execution, and to reach, for the satisfaction of his judgment, certain real estate, the title of which is in defendant Catherine, wife of said John, but which plaintiff claims is, as to creditors, the property of John. The pleadings and findings of the court are very voluminous, containing much

*Gilfillan, C. J., because of illness, took no part in this case.

that is not here important.　The following statement of facts, although not full, and possibly not entirely accurate in immaterial details, will be sufficient for the purposes of this appeal.　John Deidrick was justly indebted to his wife, Catherine.　Being insolvent, and in anticipation of being adjudged a bankrupt, and within four months of the time when he was on his own petition adjudged a bankrupt, and with a view of giving his wife a preference over his other creditors, he transferred certain property to a third person in trust for the purpose of paying his indebtedness to his wife.　This property, or its proceeds, was afterwards, by means not necessary here to state, used in paying for the land in controversy, and securing the title thereto for defendant Catherine.　No proceedings were ever taken by the assignee in bankruptcy to execute the bankrupt law by avoiding this transfer.　The ground of the attack upon the transaction is that it was in fraud of the bankrupt act, because made with a view to giving a preference to one creditor contrary to the 35th section of said act. (U. S. Rev. St. § 5128.)

It will be conceded that, leaving out of view the bankrupt act, such transaction was valid under the laws of this state, which at that time permitted a debtor to prefer one creditor to others, if he saw fit.　But it is said that a preference, under such circumstances, was void under the provisions of section 35 of the bankrupt act.　This is probably true; at least, we may concede it.　But we fail to see how plaintiff is in position to raise the question.　When the bankrupt act declares such transfers void, it is evident it is only in favor of proceedings in bankruptcy that it undertakes to avoid them.　Congress had no power to enact a law governing sales of property as a part of the municipal law of the state, and the language of the statute shows that congress never attempted any such thing.　The avoidance of such a sale or transfer, and the right of the assignee in bankruptcy to recover, are dependent.　The statute operates upon transfers, not of insolvents, but of bankrupts.　If an insolvent, in anticipation of proceedings in bankruptcy against him, which were never, in fact, instituted, makes a transfer within the conditions of this section of the bankrupt act, the law would not avoid the sale.　It would remain valid under the state law until avoided by proceedings in bank-

ruptcy. The true construction of the bankrupt act is that it makes such sales not *void* but *voidable*, and only voidable as against proceedings in bankruptcy.

The doctrine of this court as held in *Mann* v. *Flower*, 25 Minn. 500, to the effect that state courts will entertain jurisdiction of ordinary actions by an assignee in bankruptcy to recover the assets of the bankrupt, has no bearing upon the question under consideration. It would not necessarily follow from that case that a state court would entertain an action by an assignee to recover property transferred in fraud of the provisions of the bankrupt act, but where the transfer was valid under the state laws. But, conceding that it would, such an action would be in aid of the bankruptcy proceedings, and for the purpose of carrying out the provisions of the bankrupt act. This action is neither. It is simply an action by a judgment creditor to obtain satisfaction of his own judgment.

The appellant, however, makes this suggestion: He says the state law declares void every conveyance made with intent to defraud creditors; that a transfer of property by an insolvent, with intent to give a preference, is, under the bankrupt act, a fraud upon other creditors, because designed to defraud them out of their rightful dividend under the bankruptcy proceedings, and that, therefore, such a transfer in fraud of the bankrupt act is void under the state law, because made with intent to defraud creditors. This reasoning is somewhat specious, but is clearly unsound. When the law of the state declares void conveyances made with intent to defraud creditors, it evidently refers only to those that are designed to accomplish some result that would be a fraud upon creditors under the municipal law of the state. But, at the time of this transaction, it was permissible under the laws of the state to give a preference to one creditor, and hence such preference would not be a fraud against other creditors, and an intent to give such preference would not constitute an intent to defraud, within the purview of the state law.

Judgment affirmed.