Edward A. Smith, as Trustee, *vs.* Lawrence Brainerd and another, Defendants, and Aldis O. Brainerd, Intervenor.

November 30, 1887.

**Insolvency—Who may Avoid Preferential Conveyance.**—A provision in an insolvent or bankrupt law providing that a preferential conveyance made in fraud of the provisions of the statute shall be void, is to be construed as meaning simply that it is voidable only in favor of proceedings under and in aid of the law. A creditor who is not a party to the insolvency proceedings, but is claiming the property by virtue of an attachment or judgment against the insolvent debtor, can claim no benefit from this provision.

**Same—Proof of Secured Claim—Release of Security—Subsequent Attaching Creditor.**—Where the insolvent law provides that a secured creditor may release and deliver up to the assignee the property held as security, and be admitted as a creditor for the whole of his debt, the proof of the whole claim without a release would not of itself operate to discharge or release the security. Only the assignee in bankruptcy could avail himself of the right which this provision of the act was intended to secure for the benefit of the estate. A mortgagee who has proved his debt against the estate of the mortgagor, without discharging his mortgage, is not thereby estopped to claim under it against a subsequent attaching creditor, who has not proved his debt.

Appeal by Aldis O. Brainerd, intervenor, from an order of the district court for Otter Tail county, *Baxter*, J., presiding, sustaining a demurrer to the complaint of intervention.

The plaintiff brought this action to enforce a lien under a certain trust deed, the complaint setting out the following facts:   On August 8, 1883, the defendant Lawrence Brainerd, by deed of trust, sold and conveyed to the plaintiff certain lands in the counties of Grant, Clay, and Otter Tail, in trust for the St. Albans Trust Company, a corporation organized and existing under the laws of the state of Vermont, to secure to said Trust Company the payment of all sums of money in which the said Lawrence Brainerd was at that time indebted, or for which he was then liable as indorser, surety, or otherwise, to said Trust Company, which deed of trust was duly recorded in August, 1883. At the time of the execution and delivery of this deed of trust, Lawrence Brainerd, who resided in Vermont, was indebted to the St. Albans Trust Company in the sum of $259,559.19, of which sum no part has been paid, except the sum of $15,573.55.    Thereafter the St. Albans Trust Company became insolvent, and one C. W. Rich was duly appointed receiver of its assets and effects, and has duly qualified; and the defendant Lawrence Brainerd has also become insolvent, and his co-defendant C. W. Witlers has been, by a court of insolvency in the state of Vermont, duly appointed assignee in insolvency of said Lawrence Brainerd and of his estate, and is now acting as such assignee.   On September 11, 1883, in the court of insolvency in Vermont, judgment was duly rendered in favor of C. W. Rich, as receiver as aforesaid, against said Lawrence Brainerd and his estate for the above mentioned amount.    The lands covered by the trust deed are of no greater value than $10,000.   C. W. Rich, as receiver, has demanded of the plaintiff that he proceed to execute the trust expressed in the deed of trust.    Upon these facts the plaintiff demands judgment that the lands be sold to pay the amount secured by the deed of trust.

Upon leave granted, the intervenor filed a complaint of intervention, which sets out in substance the following facts:—In December, 1884, the intervenor began an action in the district court for Otter Tail county against the defendant Lawrence Brainerd, to recover an in-

debtedness which had accrued prior to the execution of the trust deed to plaintiff, in which action an attachment was issued and levied upon the lands described in the plaintiff's complaint. Thereafter judgment was duly rendered in favor of the intervenor and against Lawrence Brainerd, for the sum of $7,146.53, which judgment was duly docketed, and by reason whereof the intervenor claims a lien on the lands in controversy. At the time of the execution of the trust deed, all the parties thereto were residents of the state of Vermont, and the said Lawrence Brainerd was insolvent, and such fact was known to the plaintiff and to all the officers of the St. Albans Trust Company. By the Revised Laws of Vermont it is provided as follows:

"Section 1860. If a person, being insolvent or in contemplation of insolvency, within four months before the filing of the petition by or against him, with a view to give a preference to a creditor or person having a claim against him, or who is under a liability for him, procures any part of his property to be attached, sequestered, or seized on execution, or makes a payment, pledge, assignment, transfer, or conveyance of any part of his property, either directly or indirectly, absolutely or conditionally, the person receiving such payment, pledge, assignment, transfer, or conveyance, or to be benefited thereby, having reasonable cause to believe such person insolvent or in contemplation of insolvency, and that such payment, pledge, assignment, or conveyance is made in fraud of the laws relating to insolvency, the same shall be *roid*, and the assignee may recover the property or the value thereof from the person so receiving or so to be benefited thereby.

"Section 1861. If a person being insolvent or in contemplation of insolvency, within four months before the filing of the petition by or against him, makes any sale, assignment, transfer, conveyance, or other disposition of any part of his property to any person who has reasonable cause to believe such person insolvent or in contemplation of insolvency, and that such sale, assignment, transfer, or other conveyance is made with a view to prevent the property from coming to his assignee in insolvency, or to prevent the same from being distributed under the laws relating to insolvency, or to defeat the object of, or impair or delay the operation and effect of, or to evade any provisions of this chapter, the sale, assignment, transfer, or convey-

ance shall be *void*, and the assignee may recover the property or the value thereof as assets of the insolvent debtor; and if such sale, assignment, transfer, or conveyance is not made in the usual and ordinary course of business, the fact shall be *prima facie* evidence of fraud."

' In less than 30 days after the execution of the trust deed, Lawrence Brainerd made a general assignment for the benefit of his creditors, the defendant C. W. Witlers being appointed assignee. On September 11, 1883, the St. Albans Trust Company presented their claims of every kind and description against Lawrence Brainerd to the court of insolvency in Vermont, and had the same adjusted and allowed. Thereafter, in said insolvency proceedings, dividends were declared, of which the Trust Company has received its share. The insolvency proceedings are still pending, and there is a large amount of property in the state of Vermont and elsewhere in the hands of the assignee still remaining to be applied to the payment of the debts of the insolvent Brainerd. It is further provided by the laws of the state of Vermont as follows, (Laws 1880, c. 1:)

"Section 17. The judge shall, when the second and third meetings have not been held together, appoint a third meeting of the creditors, at which meeting or some meeting thereafter, if it appears to the satisfaction of the judge that the debtor has made a full declaration and delivery of all his estate as herein required, and that he has in all things conformed himself to the directions and requirements of the law relating to insolvent debtors, the judge shall grant him a certificate of discharge, which shall be in substance as follows :   *   *   *"

"Section 24. A discharge shall not be granted to a debtor, either upon voluntary or involuntary proceedings, whose assets are not equal to thirty per cent. of the claims proved against his estate, unless the assent in writing of a majority in number and amount of his creditors who have proved their debts or claims is filed in the case at or before the third meeting of creditors, or at such other time as the court shall then order."

By the laws of Vermont it is further provided, (Laws 1876, c. 1, § 74:) "The debtor shall thereupon, except as provided in section 76, be absolutely and wholly discharged from all debts proved against his estate, and from all debts provable under this act, and founded

on any contract made by him while an inhabitant of this state, if made within this state or to be performed within the same, or due to any person resident therein at the time of the filing of the petition."

The estate of the insolvent Lawrence Brainerd, when fully collected and disposed of and the proceeds applied to the payment of the debts proved against it, will be sufficient to pay in all over thirty per cent. of such indebtedness, and the insolvent will thereby be entitled to a discharge from all his indebtedness under the laws of the state of Vermont.

Upon these facts the intervenor demands judgment that his lien upon the lands in controversy be declared a first lien as against any claim or demand of the plaintiff.

*M. R. Tyler* and *Clapp & Woodard*, for appellant.

*Benton & Roberts*, for respondent.

MITCHELL, J. Counsel have discussed various questions as to the extra-territorial effect of insolvency or bankruptcy proceedings, and as to whether the provisions of the insolvent law of Vermont will govern this case. It is wholly unnecessary to consider these questions, for the reason that, conceding all that the intervenor claims in that respect, and that the Vermont statute will control precisely as if the property were situated in that state, yet, upon all the facts stated in his complaint, he has no possible standing in court.

He relies first upon the provisions of that statute to the effect that a preferential transfer or conveyance by an insolvent, or one in contemplation of insolvency, within four months of the filing of a petition by or against him, to one having reasonable cause to believe that such person is insolvent, or in contemplation of insolvency, "shall be void; and the assignee may recover the property or the value thereof, as assets of the insolvent debtor." This and similar provisions in bankrupt or insolvent laws are always construed as meaning simply that such conveyances are voidable only in favor of proceedings under and in aid of the law. *Smith* v. *Deidrick*, 30 Minn. 60, (14 N. W. Rep. 262;) *Berry* v. *O'Connor*, 33 Minn. 29, (21 N. W. Rep. 840.) The intervenor is an entire stranger to these insolvency proceedings. He is not claiming under them, but in hostility

to them under his attachment and judgment lien in a suit instituted by himself against the insolvent debtor.

His further contention is that the legal effect of the act of the St. Albans Trust Company, in proving their claim against Brainerd before the court of insolvency in Vermont, and accepting dividends thereon, is to release and discharge their security on the land covered by their trust deed. It is not alleged that it was ever in fact released or discharged, and no provision of the Vermont statutes is pleaded which would give to the act of proving the debt any such effect. But, as a matter of fact, by reference to the statute itself, it will be found that a secured creditor has three courses, either of which he may pursue : (1) He may rely on his security alone, and not prove his debt at all; (2) he may have the property held as security sold under the order of the court, and the proceeds applied towards payment of his claim, and then be admitted as a creditor for the residue, if any ; or (3) he may release and deliver up to the assignee the property held as security, and be admitted as a creditor for the whole of his debt.

Assuming that the St. Albans Trust Company had proved the full amount of their claim, this, without a release, would not of itself operate to discharge this mortgage or trust deed. It might prevent them from setting it up against the assignee claiming the property as part of the assets of the estate of the insolvent debtor. But only the assignee can avail himself of the rights which the provisions of the insolvent law were intended to secure. The intervenor can claim no benefit from it. Neither can he set up the acts of the Trust Company in the insolvency proceedings by way of estoppel. There is an entire want of mutuality as well as privity. He has acquired no title from the assignee, and is not a party to the proceedings. *Cook* v. *Farrington*, 104 Mass. 212. The facts pleaded, tending to show that the insolvent debtor will be entitled to a discharge from his debts provable under the insolvent law when the insolvency proceedings are brought to a close, are utterly irrelevant. Even if such a discharge had been already granted, it would simply release the debtor from personal liability for these debts, and relieve his subsequently acquired property from attachment or levy. It would in no

way affect valid liens acquired upon property prior to the institution of the insolvency proceedings.

The demurrer to the intervenor's complaint was properly sustained. Order affirmed.