THE FIRST NATIONAL BANK OF IONIA v. WILLIAM STEELE.

*Attachment suit—Dissolution proceedings—Petition—Alternative denial—Findings of fact.*

1. A petition for the dissolution of an attachment, in which the petitioner denies that he has assigned, disposed of, *or* concealed his property with intent to defraud his creditors, is not objectionable on the ground that such denial is in the *alternative.*

2. Under our attachment statute, the intent to defraud must be found to exist as a *fact* in order to maintain the writ. It is not enough to show that the debtor has conveyed or mortgaged his property. It must be proved to have been done under such circumstances as to warrant the conclusion that he actually had this fraudulent intent in his mind. In dissolution proceedings this fact must be determined by the trial judge or by the jury, and, when so determined, that finding is *conclusive* upon the appellate court.

3. Payment of honest debts to one creditor, to the exclusion of the others, cannot be made the basis of a charge of fraud against the debtor.

*Certiorari* to Ionia. (Smith, J.) Argued May 8, 1890. Decided May 16, 1890. Plaintiff brings *certiorari* to review proceedings dissolving an attachment. Order of dissolution affirmed. The facts are stated in the opinion.

*A. A. Ellis* and *McGarry & Ford,* for plaintiff and petitioner.

*Davis & Nichols,* for defendant.

GRANT, J. Plaintiff sued out a writ of attachment against the defendant. Defendant filed his petition before the circuit judge of Ionia county for the dissolution of the attachment. The judge, after a full hearing, dissolved it, and plaintiff brings the proceedings into this Court by *certiorari,* claiming that the petition is insufficient, and that under the undisputed facts plaintiff had legal cause for suing out the writ.

The affidavit upon which the writ was issued stated that affiant had good reason to believe, and did believe, that William Steele had assigned, disposed of, and concealed his property to defraud his creditors. This affidavit does not comply with the statute, in that it does not allege that defendant did this *with intent* to defraud. Whether or not this defect would have been held fatal it is now unnecessary to consider, as the defendant failed to take advantage of it.

In his petition for dissolution he—

"Denies that he has assigned, disposed of, or concealed his property, with intent to defraud his creditors."

It is contended that this is bad because in the alternative. There is no force in the objection. A denial in the alternative is good, while an affirmation in the alternative is bad. Where one denies that he has done either of several acts charged, it naturally implies a denial of all; but where one alleges that another has done either

one or the other of several acts it naturally means that he has done but one of the several acts charged, and the accuser is unable to tell which. In such case, the accused is unable to tell which one of the charges he must prepare to meet. The proposition needs no further argument. The circuit judge was correct in refusing to quash the petition.

Defendant on July 12, 1889, lived on a farm near Ionia, and was the owner of the following property, viz.: A farm in Montcalm county of 480 acres, worth from $10,-000 to $15,000; personal property on this farm, worth about $6,000; a farm in Ionia county, worth about $50,000; stock upon this farm, worth about $60,000; real estate in the city and township of Ionia, the value of which does not appear The furniture in his house was insured for $7,500 in his own name, though claimed to belong to his wife. He also carried $113,000 life insurance, nearly all of which was for the benefit of his wife. He was at this time heavily indebted. On the same day he executed the following conveyances, viz.:

1. A deed to his wife of an undivided joint tenancy interest in the farm upon which they lived. The consideration expressed in the deed was "$10,000 and other valuable consideration."

2. A mortgage upon this farm for $25,000, executed by himself and wife to Dwight Cutler.

3. A mortgage upon the lands in Ionia for $20,000, to William Dunham.

4. A mortgage upon the lands in the city of Ionia for $5,200, to Mary M. Hancock.

5. A chattel mortgage upon the stock on the farm for $40,000, to Dwight Cutler.

6. A bill of sale to James A. Steele of the personal property upon the farm in Montcalm county for $6,000. This bill of sale was dated July 15, 1889.

7. A deed of the farm in Montcalm county to Michael L. Steele and Jessie J. Steele, husband and wife, as joint tenants, the consideration being $15,000.

All these conveyances were filed and recorded August 29, 1889, except the last two, which were filed and recorded August 30. The affidavit for the writ of attachment was made September 28, 1889.

Twenty-one witnesses were sworn and examined upon the hearing before the circuit judge, among whom were William Steele and wife and the grantees and mortgagees named in the above conveyances. Evidence was adduced in regard to the consideration for all these conveyances, the circumstances under which they were given, the questions of their *bona fides*, and the reason why they were not filed and recorded until some time after they were executed and delivered. The full details of Mr. Steele's business, his assets and liabilities, the disposal of the money obtained by some of the conveyances (others having been given to secure debts and indorsements), and his efforts to pay his debts both before and after July 12, were all placed before the judge to assist him in determining the question whether Mr. Steele had been guilty of the intent to defraud his creditors. The judge held that these conveyances were not made by Steele with the intent to defraud his creditors, and the plaintiff had no legal cause for suing out its writ.

Under our attachment statute, the intent to defraud must be found to exist as a fact in order to maintain the writ. It is not enough to show that one has conveyed his property by deed or mortgage. It must be proven to have been done under such circumstances as to warrant the conclusion that he actually had this intent in his mind. This fact must be determined by the trial judge or by the jury. When this has been so determined, that finding is conclusive upon the appellate court.

It is worthy of remark that, after the execution of these conveyances, defendant secured plaintiff for a large

part of the debt he owed it, and had also paid and secured other debts. It is not surprising that the judge found that Steele had no such intent, for the agent of the plaintiff who made the affidavit for the attachment testified that his reasons for commencing this attachment suit were that Steele had not paid the First National Bank, and was securing and paying others. Certainly, when he saw Steele was paying his debts due to others, he had no right to suppose that he was doing this to defraud his principal. Payment of honest debts to one creditor, to the exclusion of others, cannot be made the basis of a charge of fraud against the debtor. Defendant had the right to pay or secure any of his creditors, including his wife, to the exclusion of others, and no court has yet held that in so doing he would be guilty of an intent to defraud. It is evident that all the suspicious circumstances surrounding the execution of these conveyances were so satisfactorily explained upon the hearing as to convince the judge that they were not made with the intent charged. This finding we cannot review.

The order dissolving the attachment is affirmed, with costs.

CHAMPLIN, C. J., LONG and CAHILL, JJ., concurred. MORSE, J., did not sit.