JAMES O. Dow and another *vs.* JOHN B. SUTPHIN.

December 9, 1891.

**Insolvency—Attacking Preference—Form of Action.**—Under the insolvency law, (Laws 1881, *c.* 148, § 4,) an assignee or receiver may, on the ground that it is a fraudulent preference, test the validity of a mortgage given to a creditor by an insolvent debtor, in any action brought against him in which the creditor's rights as a mortgagee are involved.

**Same—Evidence.**—In order to make out that a creditor has reasonable cause to believe his debtor insolvent, knowledge must be shown of some fact or facts calculated to produce a reasonable belief that the latter is insolvent; but, if such facts are known to the creditor as are clearly sufficient to put a person of ordinary prudence on inquiry, he is chargeable with the knowledge which such inquiry would have furnished him.

**Same—Findings—Evidence.**—*Held*, that the finding of the court below that these plaintiffs had reasonable cause to believe their debtors insolvent, when taking a mortgage upon personal property, was justified by the evidence.

Plaintiffs, as holders of a chattel mortgage made to them by the members of the firm of Rickard, Witt & Co., on July 17, 1888, brought this action in the district court for St. Louis county against defendant, assignee in insolvency of the mortgagors, by assignment made

in August 1888, to recover $1,678.60 for alleged conversion of the mortgaged property by defendant. In his answer the defendant pleaded that the mortgage was void as an unlawful preference under the insolvency law. A jury was waived, and the action tried by *Stearns,* J., who ordered judgment for defendant, which was entered, and the plaintiffs appealed.

*Wm. E. Wright* and *Wm. B. Phelps,* for appellants.

*White, Reynolds & Schmidt,* for respondent.

COLLINS, J. But two questions are presented by this appeal. One is whether the plaintiffs had reasonable cause to believe Rickard, Witt & Co. insolvent at the time of the execution and delivery of the chattel mortgage under which they claim the right to recover in this action for conversion. The other question is as to the right of the defendant, who is the assignee of Rickard, Witt & Co. under the insolvency statutes, to defend herein upon the ground that when taking the mortgage the plaintiffs had obtained the fraudulent preference forbidden by the law, having at the time reasonable cause to believe the mortgagors insolvent.

Rickard, Witt & Co. were retail butchers at Duluth, and were insolvent, beyond any question. The plaintiffs, engaged in wholesaling butchers' supplies at Red Wing, held a past-due account against them for the sum of $1,678.60. One of the firm, Mr. Dow, went to Duluth to collect the money, but, being unable so to do, took the debtors' notes, dated July 17, 1888, maturing in a short time, secured by the mortgage herein involved, which was duly filed, and covered "all books, book-accounts, store-building, (frame,) with fixtures, consisting of meat-racks, scales, one sleigh, harness, (two single sets,) together with all and singular all personal property owned by" the mortgagors, of the total value of about $3,500, considerably less than the amount of their indebtedness. The building mentioned stood upon leased ground, and, in fact, according to the evidence, the mortgage was upon and included *all* property belonging to the insolvents, who soon thereafter, on August 8th, made an assignment to this defendant. The property in dispute was inventoried and turned over to him, and he proceeded to convert the same into money for the benefit of the creditors.

Taking up the second, in order of statement, of the questions to be disposed of, it may be said that the defence found in the answer herein was a perfectly proper one, and fully justified by the statute, (Laws 1881, c. 148, § 4,) which provides that "the assignee may, by action or other proper proceedings, have all such conveyances, pay-ments, and preferences annulled and adjudged void," etc. The right to the possession of the property, for the time being, without regard to the character of the mortgage, was conferred upon the defendant, assignee by the deed of assignment, while actual possession was given by the assignors. Having peaceable possession, the assignee was en-titled to retain the chattels, or their value, in case the same were dis-posed of by him, until such time as the plaintiff mortgagees should, assert their claim under the mortgage. He could have maintained an action to test the question, but his right to avoid the mortgage on the ground on its invalidity under the insolvency law, in any proper proceeding,—that is, in any action brought against him involving the mortgagees' rights under that instrument,—has been clearly fixed by statute. He was not bound to anticipate or forestall the mortgagees; by proceedings of any character or by taking steps in any form of action. In support of their contention that the invalidity of this mort-gage can only be tested in an action or proceeding instituted for that, purpose, appellants' counsel cite *Smith* v. *Deidrick*, 30 Minn. 60, (14 N. W. Rep. 262;) *Berry* v. *O'Connor*, 33 Minn. 29, (21 N. W. Rep. 840;) *Bannon* v. *Bowler*, 34 Minn. 416, (26 N. W. Rep. 237;) and *Smith* v. *Brainerd*, 37 Minn. 479, (35 N. W. Rep. 271.) In none of these cases has this court touched upon the question now presented, the gist of these decisions—so far as is material here—being that the insolvency statute of 1881 does not have the effect to render mort-gages fraudulent or void as to creditors of the mortgagor on the ground that they are preferential, except in proceedings under the statute; that is, when there has been an assignee designated, or receiver appointed, under the insolvency law, and his rights as such are at stake. Outside and independent of such proceedings, prefer-ences are not *per se*, or as a matter of law, objectionable.

Very little need be said in respect to the claim that the evidence was insufficient to warrant the court in finding that these plaintiffs,

when taking security for their debt, had reasonable cause to believe their debtors insolvent. In order to make out that a creditor has reasonable cause to believe his debtor insolvent, knowledge must be shown of some fact or facts calculated to produce a reasonable belief that he is insolvent; but, if such facts are known to the creditor as are clearly sufficient to put a person of ordinary prudence on inquiry, he is chargeable with the knowledge which such inquiry would have furnished him. *Holcombe* v. *Ehrmanntraut*, 46 Minn. 397, (49 N. W. Rep. 191;) *Hastings Malting Co.* v. *Heller, supra*, p. 71. Witt testified that he was quite sure that before giving the security to Dow he told him that there was a prior mortgage upon the same property given to one Young, and, from the testimony, it is apparent that Witt would have had no doubt whatsoever upon this point had not Dow denied having been so told. Again, the plaintiffs, having a past-due account for quite a sum of money against Rickard, Witt & Co., felt the necessity of going in person quite a distance, for the purpose of collecting the money, and, after waiting a day or two, were unable to obtain a dollar. The security taken by them was upon every particle of property held by their debtors, including the book-accounts, which in value greatly exceeded the balance of the mortgaged property; and there were other suspicious circumstances, which need not be detailed, but which should have suggested an investigation by the plaintiffs before taking security. It is impossible to resist the conclusion reached in the court below, that, within the meaning of the statute, the plaintiffs had reasonable cause to believe Rickard, Witt & Co. insolvent when they obtained the mortgage, and, if it could be sustained, secured a marked preference over all other creditors.

Judgment affirmed.