# CASES

### DECIDED IN THE

# SUPREME COURT OF GEORGIA

#### AT THE

## OCTOBER TERM, 1897.

---

### HOBBS *v.* GREENFIELD.

1. Though an insolvent debtor has the right to prefer creditors by making to them bona fide conveyances of his property, if such a debtor fraudulently sells or conveys to one creditor property liable for the payment of his debts, for the purpose of avoiding the payment of debts due to other creditors, he becomes subject to an attachment under the provisions of section 4543 of the Civil Code.
2. When the issue on the trial of a traverse to an attachment sued out under the above-cited section of the code is whether or not certain conveyances executed by the defendant, who was a member of a partnership which had failed, were fraudulently made for the purpose of defeating his creditors, it was erroneous to charge the jury, in substance, that if either the defendant or his partner, or both of them, had conveyed property with intent to defraud creditors, there should be a verdict for the plaintiff; and it was also erroneous to give to the jury, in this connection, additional instructions the effect of which was to authorize them to hold the defendant responsible for other alleged fraudulent acts or conduct on the part of his former partner.
3. It is not, on the trial of such an issue, competent for the plaintiff to introduce in evidence conveyances made by the defendant months after the date of the attachment.

Argued January 28, — Decided March 1, 1898.

Attachment. Before Judge Spence. Dougherty superior court. April term, 1897.

*W. T. Jones, Wooten & Wooten* and *J. W. Walters,* for plaintiff in error. *D. H. Pope,* contra.

LUMPKIN, P. J.   A petition was presented by Greenfield to the judge of the superior court, alleging that he was a creditor of the firm of Hobbs & Tucker, which had failed; that after the failure Tucker had conveyed all of his property to Hobbs, and that the latter was selling and conveying away his property for the purpose of avoiding the payment of his debts.   The petition prayed for an attachment against the property of Hobbs, and the same was issued.   Afterwards, on the trial of a traverse denying the truth of the grounds of Greenfield's petition for the attachment, there was a verdict in his favor, and Hobbs filed a motion for a new trial.   It was overruled, and he excepted. Three questions are presented for determination by this court.

1. The court charged, in substance, the proposition laid down in the first headnote.   This, we think, was good law. There is a wide distinction between a bona fide conveyance of property made for the purpose of preferring a creditor, and a fraudulent conveyance the purpose of which is to avoid the payment of debts due by the grantor.   It is plain that the making of a conveyance of this latter kind subjects his property to attachment under the provisions of section 4543 of the Civil Code, which expressly declares that whenever a debtor shall sell or convey his property for the purpose of avoiding the payment of his debts, any creditor may apply to the judge of the superior court for an attachment.

2. While the plaintiff in this case was a creditor of the firm of Hobbs & Tucker, the attachment was sought against the property of Hobbs alone.   It was therefore entirely immaterial whether Tucker had or had not been guilty of any fraudulent conduct in disposing of or selling his property.   In this connection, however, the court instructed the jury that if either Hobbs or Tucker, or both of them, had conveyed property with intent to defraud creditors, the verdict should be for the plaintiff; and also, that if Tucker had placed beyond the reach of the court certain books whereby the assets of the firm had been concealed from its creditors, this would be a circumstance or badge of fraud which the jury would have the right to consider in determining whether or not "these defendants" had made transfers with intent to defraud "their" creditors, and

whether or not "they" had sold "their" property to defeat the payment of "their" debts. These instructions were not pertinent to the issue under investigation, and certainly had a tendency to injuriously affect Hobbs, because the effect of them was to make him responsible for alleged fraudulent acts and conduct on the part of his late partner which were not involved in the pending controversy.

3. The court permitted the plaintiff to introduce in evidence certain conveyances made by Hobbs months after the date upon which the attachment issued. We agree with counsel for the plaintiff in error that these papers should have been excluded. Whether or not the property of Hobbs was subject to an attachment depended upon the facts as they existed at the time the petition for the attachment was presented to the judge. Transactions occurring long afterwards, and in no sense constituting portions of the res gestæ of his actings and doings at or prior to the time when the attachment was sued out, were manifestly irrelevant and could not possibly afford any legitimate aid to the jury in determining the issue they were called upon to try. *Judgment reversed. All the Justices concurring.*