CHRIS. DYSON v. ST. PAUL NATIONAL BANK and Another.

December 5, 1898.

Nos. 11,334—(55).

**Preferential Mortgages by Insolvent Debtor.**
Preferential mortgages and securities given by an insolvent debtor, if free from fraud in fact, are valid, except in insolvency proceedings.

**Insolvent Partnership—Mortgage—Assignment for Benefit of Creditors—Truitt v. Caldwell Distinguished.**
If the members of a copartnership, in good faith, solely to secure their debts to one or more, but not all, of their creditors, transfer, by bill of sale or otherwise, the firm property, reserving to themselves the right of redemption, the conveyance is not an assignment for the benefit of creditors, but a mortgage, and a valid security, except in insolvency proceedings, even though the debtors were then insolvent, to the knowledge of the mortgagees, and the transfer covers all of the copartnership assets. Truitt v. Caldwell, 3 Minn. 257 (364), distinguished.

**Same—Right of Redemption—Findings Sustained by Evidence.**
*Held,* that the conclusion of law herein, to the effect that such a bill of sale and agreement reserving the right of redemption is a valid mortgage, is sustained by the findings of fact, and that the latter are sustained by the evidence.

Action in the district court for Ramsey county against James Johnston and John Howe, copartners, to recover $911.22 for work and labor performed. On October 14, 1895, summons in garnishment was served upon the St. Paul National Bank. After disclosure of the garnishee had been taken, the bank was made a party to the action and directed to answer the supplemental complaint against it. Service of the summons upon the original defendants was made by publication, and judgment by default was entered against them and docketed prior to the trial. The case was tried before Bunn, J., without a jury, whose findings and decision were as stated in the opinion. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Morphy, Ewing & Gilbert,* for appellant.

A conveyance absolute in its terms may be adjudged a mortgage, but not on a mere preponderance of proof. The evidence must be clear and strong. Sloan v. Becker, 34 Minn. 491. Parol evidence that a bill of sale, absolute in form, was designed to operate as a mortgage must be clear, unequivocal and convincing. 1 Cobbey, Chat. Mort. § 73; Jones, Chat. Mort. § 24. Evidence of the declaration of the parties, at the time of the transaction, that it should be a mortgage, or should be a sale, is of little or no account. Jones, Chat. Mort. § 24. See also Appolos v. Brady, 49 Fed. 401, and cases cited by Judge Shiras in discussing this subject. The acts of the parties, and not their words, are the evidence of their intentions, when the rights of third parties are involved. Appolos v. Brady, supra. Plaintiff contends that the bill of sale to the bank was not a mortgage, but an absolute transfer of the property. A mortgage is generally defined to be only a security for the payment of a debt, or performance of some act, the title remaining in the mortgagor until forfeiture or default. It is not a conveyance in trust, but an incumbrance created to pay the debt. 1 Cobbey, Chat. Mort. § 4. Every element of a mortgage is wanting to this instrument. As the title to the property passed to the bank and the interest of Johnston & Howe was not in the property, but in the surplus, if any, after the payment of the stipulated debts, the transaction did not constitute a mortgage. Camp v. Thompson, 25 Minn.

175. See also Butler v. White, 25 Minn. 432. That this instrument cannot be regarded as a mortgage is ruled in Truitt v. Caldwell, 3 Minn. 257 (364), where the facts were nearly identical with the case at bar.

The bill of sale constituted an assignment. Truitt v. Caldwell, supra. A voluntary assignment for the benefit of creditors to a trustee is a transfer by a debtor, without compulsion of law, of some or all of his property to an assignee in trust, to apply the same, or the proceeds thereof, to the payment of some or all of his debts, and to return the surplus, if any, to the debtor. Burrill, Assign. §§ 2, 3. It is more than a security for the payment of debts, it is an appropriation of property to their payment. Vallance v. Miners, 42 Pa. St. 441; McBroom's Appeal, 44 Pa. St. 92; Lawrence v. Neff, 41 Cal. 566; Dana v. Standford, 10 Cal. 269. It passes the legal and equitable title to the property absolutely. Briggs v. Davis, 21 N. Y. 574. No equity of redemption is indicated by the instrument providing for a trust to the assignee in the unemployed balance or surplus. Crow v. Beardsley, 68 Mo. 435; Martin v. Hausman, 14 Fed. 160; Clapp v. Dittman, 21 Fed. 15; Weber v. Mick, 131 Ill. 520.

Both under the Minnesota and Wisconsin laws the bill of sale to the bank is void as to plaintiff, because there is an assignment by insolvent debtors providing for resulting interest to the assignors without paying all creditors, the legal effect of which is to hinder, delay and defraud; the intent thereof being presumed by reason of the parties' acts in the premises. Truitt v. Caldwell, supra; Winner v. Hoyt, 66 Wis. 227. See also Page v. Smith, 24 Wis. 368; Fuller v. McHenry, 83 Wis. 573; Maxwell v. Simonton, 81 Wis. 635; Bugbee v. Lombard, 94 Wis. 326; Woonsocket R. Co. v. Falley, 30 Fed. 808; King v. Gustafson, 80 Iowa, 207; Northern v. Weed, 86 Wis. 212; Strong v. Kalk, 91 Wis. 29; Jameson v. Maxcy, 91 Wis. 563; Dahlman v. Greenwood, 99 Wis. 163; Penzel v. Jett, 54 Ark. 428. The fact that the instrument might not cover all the property of the debtors would not affect the legal consequences of the assignment. Maxwell v. Simonton, supra; Jameson v. Maxcy, supra; Dahlman v. Greenwood, supra; Corn Exchange v. Philadelphia, 11 Phila. 510.

The Wisconsin law must govern. The bill of sale was made by a resident of that state concerning property there, the legal effect of which, according to the laws of that state, was an assignment for the benefit of certain creditors. The court held in McKibbin v. Ellingson, 58 Minn. 205, 211, that no matter where the partial execution, writing, signing, sealing and delivery might be done, it would be deemed executed in that state where the final act to make it go into effect was intended to be done and was done.

*Stringer & Seymour*, for respondent garnishee.

The transfer to the bank cannot be claimed to operate as an assignment for the benefit of creditors with preferences, as it only covered the property of the firm and did not operate in any manner upon the individual property of its members, one of whom had a large amount. See May v. Walker, 35 Minn. 194; Menzesheimer v. Kennedy, 75 Wis. 411; Cribb v. Hibbard, 77 Wis. 199; Van Patton v. Thompson, 73 Iowa, 103. A debtor in failing circumstances may mortgage the whole of his property for the benefit of a portion of his creditors, even though the effect of the transaction is to defeat the collection of his unsecured debts. See Aulman v. Aulman, 71 Iowa, 124; Warner v. Littlefield, 89 Mich. 329.

A deed of trust executed by a partnership conveying all its property to a trustee, who is given immediate possession, to secure the payment of debts therein named to the exclusion of others and reserving right of redemption, is a mortgage only. Union Bank v. Kansas City Bank, 136 U. S. 223. See also Younkin v. Collier, 47 Fed. 571; Roberts v. Press, 97 Iowa, 475; Davis v. Hilbourn, 41 Neb. 35; Cutter v. Pollock, 4 N. D. 205. A statute declaring invalid general assignments for the benefit of creditors, unless made for all creditors alike, does not prevent an insolvent debtor from preferring one creditor to another, and does not apply to or invalidate a mortgage made by an insolvent to trustees to secure certain creditors therein named, even though the ultimate effect of the mortgage may be to distribute the whole of the insolvent's estate to such creditors, in the same manner as if an assignment had been made in the mode prohibited by the statute. Cutter v. Pollock, supra. See also Muchmore v. Budd, 53 N. J. L. 369; Chapman v.

Hunt, 14 N. J. Eq. 149; Crow v. Beardsley, 68 Mo. 435; Hargadine v. Henderson, 97 Mo. 375; Manning v. Beck, 129 N. Y. 1; Lake Shore v. Fuller, 110 Pa. St. 156; Cribb v. Hibbard, supra; Menzesheimer v. Kennedy, supra.

START, C. J.

The respondent herein, the St. Paul National Bank, was summoned as garnishee, the plaintiff claiming that it had money and other property in its hands and under its control belonging to the principal defendants. It appeared and made disclosure, in which it denied the plaintiff's claim; and thereupon a supplemental complaint against it was filed, to which it made answer.

The case was tried by the court without a jury, resulting in findings of fact and conclusions of law in favor of the respondent; and the plaintiff appealed from an order denying his motion for a new trial.

The material facts found by the trial court, briefly stated, are: The defendants on June 12, 1895, were copartners in the lumber business at Amery, in the state of Wisconsin, and each was a resident of that state. They were then insolvent, but believed that sufficient funds would be realized from a previous sale of a portion of their property to pay their debts in full. The respondent did not then know or have reasonable cause to believe them insolvent. On the day named the defendants were indebted to the respondent bank in the sum of $23,000, and they then executed and delivered to the bank an absolute bill of sale (containing a warranty, and an irrevocable power of attorney to receive, collect and recover the personal property thereby sold) of substantially all of their remaining co-partnership assets, consisting of promissory notes, accounts and other property, but not of their individual property, of which one of the defendants then had a considerable amount. At the same time, and as a part of the same transaction, it was mutually agreed by the parties to the bill of sale that it should be given solely as security for the payment of such indebtedness, except that it was provided that the bank should pay 5 per cent. of the proceeds of the property upon a claim of Dr. Wade against the defendants amounting to $2,000; the remainder of such proceeds to

be applied to the payment of its own debt against them. If any balance was left, it was to be returned to the defendants. It was also agreed between the parties that the defendants might at any time after the making of the bill of sale pay their indebtedness to the bank and Dr. Wade, and thereupon the bill of sale should be void, and the title to all the property therein described should revert to them. The bank took immediate possession of the notes, accounts and property set forth in the bill of sale, and has since been collecting the amounts due thereon as rapidly as practicable, and has realized a net balance therefrom of $17,070.69, which it has applied to the payment of its debt against the defendants. The respondent is a banking corporation, and its place of business was and is in the city of St. Paul, at which place the evidence shows the contract was made.

The defendants for some time prior to the making of the bill of sale maintained an office at St. Paul, in charge of an agent, for the sale of lumber and collection of accounts due therefor; but their principal place of business was at Amery.

The trial court's conclusions of law were to the effect that the bill of sale, in connection with the agreement, was, in effect, only a mortgage, and secured the bank's debt against the defendants, and that it is entitled to hold the property described therein until the debt is paid; that, if any balance remains after the payment of the indebtedness secured by the mortgage, the bank is responsible to the plaintiff therefor, to the extent of his claim, and that, other than this, he is not entitled to any relief.

1. The plaintiff claims that the conclusions of law are not justified by the facts found by the court, for the reason that the bill of sale and agreement constitute in law an assignment by insolvent debtors of the whole of their property for the benefit of special and preferred creditors, with a resulting trust in the surplus for the benefit of the debtors, to the exclusion of their other creditors. If this proposition be correct, the transaction is void as to creditors, whether its validity is to be tested by the laws of Wisconsin, as plaintiff claims, or by the laws of Minnesota, as it must be.

The contract was made in this state; the money coming to the hands of the bank, a domestic creditor, by virtue thereof, which the

plaintiff seeks to reach by this action, is within this state; and, if the contract is valid under our law, it will be enforced, even if invalid under the laws of Wisconsin. To do otherwise would simply deprive a domestic creditor of the benefit of its security valid by our laws, so that the plaintiff, a nonresident creditor, might obtain a preference.

The question then is, do the findings of fact of the trial court justify the conclusion that the contract is fraudulent and void, as a matter of law, as to creditors? In considering this question we are to keep in mind that there is neither evidence nor finding in this case that the transaction in question was fraudulent in fact; hence it is immaterial whether the vendors in the bill of sale were insolvent or not, or whether the bank knew them to be insolvent or not.

It would be otherwise if this was an action by an assignee or receiver in insolvency to set aside the transaction as a preference. Except in such an action or proceeding, preferential mortgages and securities, if free from fraud in fact, are valid. Berry v. O'Connor, 33 Minn. 29, 21 N. W. 840; Bannon v. Bowler, 34 Minn. 416, 26 N. W. 237; Mackellar v. Pillsbury, 48 Minn. 396, 51 N. W. 222.

It is claimed on behalf of the plaintiff that the decision of this court in the case of Truitt v. Caldwell, 3 Minn. 257 (364), answers the question in accordance with his contention. The doctrine of this case seems to go further than the general trend of the decisions of the courts of other states. See Jones, Chat. Mort. §§ 352–356. But it does not go far enough to sustain plaintiff's claim, and is clearly distinguishable from the one at bar. In the former case there was an unconditional transfer of the legal title of the property. In the latter there was a conditional transfer of the legal title for the purpose of security only. In the former case there was no right of redemption reserved to the vendor, but a trust reserved in the surplus for his benefit, without first paying all of his debts. In the latter the property could be redeemed at any time by paying the indebtedness secured thereon. In the one case the absolute legal title was interposed between the creditors and the property of their debtor, with a resulting trust in the avails thereof to him. In the other the vendee did not acquire the ab-

solute title subject to such trust, but a lien upon it, with power of sale, and the property remained liable to the process of the court at the suit of creditors, subject to the lien of the bank.

It is true in this case that the bill of sale and contract provide for the payment to the vendors of any surplus realized from the property remaining after the payment of the indebtedness secured on the property, but the title to the surplus is exactly the same as the title to the property itself, and may be reached by creditors in the same way.

It is also true that the bank was authorized to, and did, collect the accounts, and convert the property into money, precisely as if it were the owner thereof; but it was by the contract irrevocably made the attorney of the vendors for this purpose. The exercise of this power would not prevent the vendors from redeeming the balance of the property, and the avails of what had been converted into money, by paying the indebtedness which it secured. The fact that this right was given by the contract to collect the accounts and convert the property into money would not prevent the transaction from being a valid pledge or mortgage of the property. It is immaterial in this case whether it was strictly a mortgage or pledge.

The distinctive characteristics of the transfer in the case of Truitt v. Caldwell are concisely expressed in the opinion in these words, at page 266 (373):

"This conveyance is not simply a transfer of property to satisfy a debt; neither is it a mortgage or a pledge to secure the claim of the plaintiffs. The grantor here has no resulting interest in the property conveyed, upon payment of the debt, as is a usual, if not necessary, incident to a pledge or mortgage. No forfeiture or power of sale is given upon the happening of any contingency, nor any language used showing an intent on the part of the grantor to convey the property as security for the payment of his debt."

The case is cited, and distinguished from one similar in some respects to the one at bar, in the case of Wilcoxon v. Annesley, 23 Ind. 285, 295.

For the reason suggested, the case of Truitt v. Caldwell is not here in point. The same is also true of the cases of Camp v.

Thompson, 25 Minn. 175, and Butler v. White, Id. 432, relied on by the plaintiff; for by the instruments construed in those cases the entire property in the lumber conveyed was intended to pass, and did pass, to the respective vendees, and no property therein was reserved to the vendor, or intended to be; hence it was correctly held that the instruments were not mortgages. Such being the case, the question here under consideration is to be determined on principle.

According to the findings of fact by the trial court, the transaction in question had none of the elements of an assignment for the benefit of creditors, which creates a trust vesting the legal title in the assignee, and placing the property beyond the reach of creditors, except the right to share in the distribution of the trust estate.

Neither was the transaction a conveyance of property in trust for the use of the person making the same. G. S. 1894, § 4218. It created no trust, but a lien to secure an indebtedness; and, as already suggested, the mere fact that the vendors were insolvent, and the bill of sale included all of their firm property, did not render the transaction void as a matter of law. Such facts would be competent and cogent if the transaction were assailed for fraud in fact.

Upon principle and authority, we hold that if the members of a copartnership, in good faith, solely to secure their debts to one or more, but not all, of their creditors, transfer to them, by bill of sale or otherwise, the firm property, reserving to themselves the right of redemption, the conveyance is not an assignment for the benefit of creditors, but a mortgage, and a valid security, except in insolvency proceedings, even though the debtors were then insolvent, to the knowledge of the mortgagees, and the transfer covers all of the copartnership assets. Jones, Chat. Mort. § 355; 1 Cobbey, Chat. Mort. §§ 101, 102; Union Bank v. Kansas City Bank, 136 U. S. 223, 10 Sup. Ct. 1013; May v. Tenney, 148 U. S. 60, 13 Sup. Ct. 491; Rainwater B. H. Co. v. Malcolm, 2 C. C. A. 476, 51 Fed. 734; Eureka v. Bresnahan, 66 Mich. 489, 33 N. W. 834; Warner v. Littlefield, 89 Mich. 329, 50 N. W. 721; Cutter v. Pollock, 4 N. D. 205, 59 N. W. 1062. It follows that the conclusions of law by the trial court in this case are supported by the findings of fact.

2. But it is urged with earnestness and undoubted candor that the findings of fact in this case are not sustained by the evidence. We have attentively considered the record, and find that they are, and so hold.

The motion by plaintiff for additional findings of fact was rightly denied, for they were immaterial, in our view of the case.

Order affirmed.