FIRST NATIONAL BANK OF NORTHFIELD v. MARY W. ANDERSON and Another.[1]

May 17, 1907.

Nos. 15,158—(116).

**Attachment—Fraudulent Conveyance.**

Real estate of the value of $15,580 was transferred to another by an absolute deed and duly recorded. Thereafter the real estate was attached by a creditor of the grantors upon the ground that the owners had transferred the same with intent to delay and defraud their creditors. The grantee then deeded the property by absolute conveyance to a third party. Upon motion of the grantors to dissolve the attachment it was shown that the transfer by the owners was in fact a mortgage to secure an indebtedness of $8,000, and that the property was transferred to the second grantee with a verbal agreement that he was to pay the alleged indebtedness to the first grantee, and himself become the creditor of the owners to the extent of $8,000.

*Held*, it did not appear by a clear preponderance of the evidence that the transfers were made in good faith, and not for the purpose of delaying and defrauding the creditors, and the trial court did not err in refusing to vacate the writ.

[1] Reported in 111 N. W. 947.

Appeal by defendants from an order of the district court for Otter Tail county, Baxter, J., denying a motion to vacate a writ of attachment. Affirmed.

*A. G. Broker*, for appellants.

*J. W. Mason*, for respondent.

LEWIS, J.

Incidental to the commencement of an action by respondent against appellants for the recovery of the amount due upon two certain promissory notes, amounting to about $635, a writ of attachment was issued and levied upon certain real estate upon the ground that appellants had disposed of their property with intent to defraud their creditors. Thereupon appellants moved for an order vacating the writ on the ground that they had not disposed of their property with intent to delay and defraud their creditors.

At the hearing respondent presented the affidavit of its counsel, which stated that, soon after the two promissory notes sued upon were executed by appellants, they executed to one F. J. W. Anderson, of San Francisco, California, brother of appellant L. C. Anderson, a warranty deed of the premises attached for the purported consideration of $15,580, and that after the attachment had been served appellants placed upon record a deed to the premises from F. J. W. Anderson to one Nels C. Anderson, another brother, residing in St. Paul, for the purported consideration of $16,000, and dated November 18, 1905, prior to the issuance of the attachment. The affidavit also stated that during all the time mentioned appellants were in sole possession of the premises, and asserted ownership thereof, having the use of the proceeds of the land. The affidavit contains other matters, stated upon information and belief, which it is not necessary to consider. In reply to and in explanation of this affidavit, and in support of their motion to dissolve the attachment, appellants read an affidavit which recited that the deed which was executed and delivered to F. J. W. Anderson was in fact a mortgage to secure the sum of $8,000, which had been loaned by him to appellants, and that the deed subsequently executed by F. J. W. Anderson was under an arrangement by which Nels C. Anderson became a creditor of appellants for the amount borrowed of F. J. W. Anderson.

The court denied the motion to vacate the writ, and appellants assert that the great preponderance of the evidence, as disclosed by the affidavits and the pleadings, was to the effect that the transfer from appellants to the brothers was a mortgage executed in good faith for a valuable consideration, and hence the transaction is relieved from any imputation of fraud or bad faith.

Conceding it conclusively appears from the record that the deeds mentioned were executed and delivered for the purpose of securing a previous valid indebtedness, and that such transfers were in effect a mortgage for the amount of $8,000, the fact remains that appellants transferred property admittedly of the value of $15,580 by absolute deed without any defeasance. Such transfer made it possible for appellants to get rid of property worth more than $7,000 over and above the alleged mortgage. It thus became possible for the parties to the transaction to place the excess of the mortgage beyond the reach of appellants' creditors. The transfer might have been valid as to the mortgage, but fraudulent as to the balance. It was this circumstance, no doubt, which influenced the trial court in refusing to vacate the writ. The order of the trial court in such proceedings will not be reversed, when the evidence is conflicting, unless the clear preponderance thereof is opposed to the decision. Rosenberg v. Burnstein, 60 Minn. 18, 61 N. W. 684.

The evidence does not so clearly establish the good faith of the transaction as to remove this case from the application of the rule, and the order appealed from is accordingly affirmed.