CROOKSTON STATE BANK v. E. C. LEE and Another.[1]

December 19, 1913.

Nos. 18,370—(138).

**Attachment.**

 A preferential transfer or payment, without actual fraud, does not constitute a disposition of property with intent to delay and defraud creditors, so as to authorize the issuance of a writ of attachment under R. L. 1905, § 4216 (G. S. 1913, § 7846).

From an order of the district court for Polk county, Watts, J., denying the motion of defendants E. C. Lee and W. B. Lee to dissolve an attachment levied upon certain premises described in the motion, they appealed. Reversed.

*Ole J. Vaule* and *William P. Murphy,* for appellants.

*A. A. Miller,* for respondent.

DIBELL, C.

The defendants E. C. Lee and W. B. Lee appeal from an order denying their motion to dissolve a writ of attachment issued under R. L. 1905, § 4216, (G. S. 1913, § 7846). The ground of the writ was their disposition of their property with intent to delay and defraud their creditors.

Abbreviating the facts and omitting those not essential to the application of the controlling principle of law and stating them favorably to the contention of the plaintiff, the situation is about this: On April 5, 1913, when the attachment issued, the Lees through an assignment from Hattie L. Ross, their sister, had a contract with one Holte for the purchase of a quarter section in Polk county. Some payments had been made, the Lees were in possession, and they were the equitable owners. Holte's claim was $4,725. The Lees pro-

---

[1] Reported in 144 N. W. 433.

Note.—For authorities on the question as to what intent to defraud will sustain an attachment, see note in 30 L.R.A. 465.

posed selling their equity to Holte for $3,000. They intended to apply $1,700 of this in payment of a debt owing the First National Bank of Crookston which was secured on the land, $48.84 in payment of a tax lien, and the balance of $1,251.16 upon a debt of $1,338 to their sister. This debt was the portion remaining of the initial payment of $1,800 which Mrs. Ross had made in 1904 when she entered into the contract with Holte. She claims that it was secured upon the land. It is unnecessary to determine this. Concededly it was an honest debt.

It is upon this contemplated payment to Mrs. Ross that the plaintiff rests its right to an attachment.

The transaction outlined amounts to nothing more than a preferential payment.

The transfer with intent to delay or defraud creditors contemplated by the attachment statute is a transfer fraudulent as to creditors at common law, or under statute 13 Eliz., or under our statute, R. L. 1905, §§ 3495-3504, (G. S. 1913, §§ 7010-7019). Preferential payments and transfers are void only when an insolvent or bankrupt law makes them so, and then only in aid of an insolvent or bankruptcy proceeding. Smith v. Deidrick, 30 Minn. 60, 14 N. W. 262; Berry v. O'Connor, 33 Minn. 29, 21 N. W. 840; Mackellar v. Pillsbury, 48 Minn. 396, 51 N. W. 222; Dyson v. St. Paul Nat. Bank, 74 Minn. 439, 77 N. W. 236, 73 Am. St. 358.

We do not mean to say that a transfer which works a preference may not at the same time be actually fraudulent as to creditors. It may be; and a preferential transfer may be avoided because of actual fraud inhering in it though not avoidable as a preference, or because of such fraud it may be the basis of an attachment. Means v. Dowd, 128 U. S. 273, 9 Sup. Ct. 65, 32 L. ed. 429; Hobbs v. Greenfield, 103 Ga. 1, 30 S. E. 257; Holt Mnfg. Co. v. Thomas, 69 Wash. 488, 125 Pac. 772. Such a situation was in mind in First Nat. Bank v. Anderson, 101 Minn. 107, 111 N. W. 947, where an attachment was sustained because lurking in a preferential transfer was found an intent to delay and defraud creditors. Where there is a simple preference, and nothing more, a preferential transfer or payment does not sustain an attachment. Campbell v. Warner, 22 Kan. 604; John-

son v. Stockham, 89 Md. 358, 43 Atl. 920; First Nat. Bank v. Steele, 81 Mich. 93, 45 N. W. 579. The case at bar is such a case.

Order reversed.