# C. C. HARRIS v. ALBERT SPENCER.[1]

June 18, 1915.

Nos. 19,332—(176).

Chattel mortgage — intent to defraud creditors — attachment.

Defendant to secure a pre-existing debt gave a chattel mortgage to his father covering the first 2,500 bushels of corn harvested from the crop then growing on the farm of the mortgagor. The total crop was estimated by the mortgagor and mortgagee to be over 3,000 bushels. It was understood that the mortgagor might continue for a time to feed the small amount of stock that he had, but how long this was to continue or whether the security would thus be impaired, did not appear. It is *held:*

(1) The chattel mortgage was not void as a matter of law within the rule that a mortgage of chattels, coupled with an agreement that the mortgagor may sell or dispose of the mortgaged property as his own without satisfaction of the mortgage debt, is, as a matter of law and without reference to the actual intent of the parties, fraudulent and void as to creditors.

(2) Such constructive fraud in a transfer will *not* alone support an attachment made on the ground that a debtor has assigned, secreted and disposed of his property with intent to delay or defraud his creditors. An actual personal intent to defraud is necessary. The evidence justifies the decision of the trial court that such intent did not exist in this case.

Action in the district court for Blue Earth county to recover $500. for rent. Defendant's motion to vacate a writ of attachment was granted, Comstock, J. From the order vacating the writ, plaintiff appealed. Affirmed.

*Ivan Bowen,* for appellant.

*A. C. Remele,* for respondent.

BUNN, J.

Plaintiff appeals from an order of the trial court vacating a writ of attachment issued on an affidavit of his attorney alleging that

1 Reported in 153 N. W. 125.

---

Note.—For cases passing upon what intent to defraud will sustain an attachment, see note in 30 L.R.A. 465.

defendant "has assigned, secreted and disposed of his property with intent to delay or defraud his creditors." Defendant moved to vacate the writ on affidavits denying this allegation, and the motion was heard on these and further affidavits in rebuttal and sur-rebuttal. The trial court in effect found this charge untrue, and the question on this appeal is whether this finding is against the evidence.

The facts, as shown by the record, which consists of the complaint, the affidavits referred to and certain exhibits, are as follows: Hans C. Larsen leased a farm to defendant for one year from March 1, 1914, at a rental of $1,000, payable one-half November 1, 1914, the balance January 1, 1915. In August, 1914, Larsen sold the farm to plaintiff, and assigned the lease together with the notes which defendant had executed for the rent. The payment due November 1 was not made and this action was brought to recover it. The facts relating to defendant's alleged disposition of his property with intent to delay or defraud his creditors are these: On October 20, 1914, defendant gave to his father a chattel mortgage covering the first 2,500 bushels of corn harvested from the 1914 crop, then standing and growing on the farm. The mortgage recited that it was given to secure an indebtedness of $1,200 due from defendant to his father. The affidavits of the father and son tend to show that this was a *bona fide* indebtedness, and hence that there was a consideration for the mortgage. There is nothing to contradict this, and we must assume it to be the fact. Defendant was indebted to the others at the time, and his stock and other personal property on the farm were covered with chattel mortgages. He had no unencumbered property except the corn. The mortgage to his father was undoubtedly a preference, but of course it does not follow that it was void as against other creditors. Crookston State Bank v. Lee, 124 Minn. 112, 144 N. W. 433. The claim of fraud in the mortgage is based upon the statement in the affidavit of defendant that the yield in the field described in the mortgage was estimated by defendant and his father at to exceed 3,000 bushels, and that it was understood by the parties to the mortgage, at the time it was given, that it might be necessary for defendant to feed stock which he had on the premises with some of the corn thereon,

and upon the statement in the affidavit of defendant's father that he estimated the yield at more than 3,000 bushels, and that the clause in the mortgage providing that it should cover the first 2,500 bushels of corn grown was not intended "to prevent or interfere with his properly feeding his stock on the premises."

1. Plaintiff argues that this understanding that the mortgagor might use the corn to feed his stock renders the mortgage fraudulent and void as against creditors. He seeks to bring the case within the principle that a mortgage of chattels, coupled with an agreement that the mortgagor may retain possession of the mortgaged property and sell or dispose of it as his own without satisfaction of the mortgage debt, is as a matter of law and without reference to the actual intent of the parties, fraudulent and void as against the mortgagor's creditors and subsequent purchasers and mortgagees. This is well-established law, as shown by the cases hereafter cited. It is further well settled that if the intent that the mortgagor may retain possession of the goods and dispose of them as owner is apparent in the mortgage itself, the existence of such intent is to be determined by the court; otherwise the existence of the intent is a question for the jury upon the evidence; but in every case, if the intent is found to exist, the law declares the mortgage to be fraudulent. Such is the language of the opinion in Horton v. Williams, 21 Minn. 187, following Chophard v. Bayard, 4 Minn. 418 (533) and Gere v. Murray, 6 Minn. 213 (305). In the case at bar the mortgage on its face did not authorize the mortgagor to dispose of the property as his own, but a mortgage is void as against creditors where the authority to the mortgagor to dispose of the property as his own is not given by the mortgage itself, but by a separate agreement, written or oral. Horton v. Williams, supra; Stein v. Munch, 24 Minn. 390; Pierce v. Wagner, 64 Minn. 265, 66 N. W. 977, 67 N. W. 537. But the evidence in the present case does not justify us in saying that the decision of the trial court is not sustained. We must assume the fact to be as stated in the affidavits of defendant and his father that there were 500 bushels of corn not covered by the mortgage, and we are not at liberty to say that the few animals that defendant

owned would eat their way into the security before the mortgaged corn was harvested or before the note came due.

2. In any event this would be but constructive fraud, as distinguished from actual fraud. Constructive fraud in permitting a mortgagor of chattels to dispose of or use the mortgaged property would be ground for declaring the mortgage void as against other creditors, but it is not sufficient to support an attachment made on the ground that the defendant has disposed of his property with intent to defraud his creditors. The weight of authority is clearly that an actual personal intent to delay or defraud creditors is necessary to support an attachment. This is practically held in Crookston State Bank v. Lee, supra. See note to Weare Commission Co. v. Druley, 30 L.R.A. 465 [156 Ill. 25]. Whether this intent existed in the case at bar was a question of fact for the trial court. We have considered carefully the different alleged badges of fraud in the making of the chattel mortgage, and are unable to reach the conclusion that the finding that no such intent existed is not supported by the evidence.

Order affirmed.

SCHALLER, J. took no part.