*In re* ION F. A. STUDDART.

July 6, 1883.

**Insolvency—Dismissal of Petition—Notice to Creditors.**—Under the provisions of sections 2 and 5 of the insolvency act, (Laws 1881, c. 148,) the petition may be dismissed by the court without notice to creditors who have not been joined, and who are not known in the proceedings.

**Same—Dismissal Vacated—Appeal.**—An order vacating a previous order of dismissal, and reinstating the petition, and fixing a day for hearing the application thereon, is not a final order, nor appealable.

Appeal by the New York Life Insurance Company from an order of the district court for Big Stone county, *Brown*, J., presiding, vacating an order of dismissal and reinstating a petition in insolvency against Studdart, in which the insurance company as a preferred creditor was joined as a co-respondent. The original petition was filed by Webster Smith and others on July 17, 1882, and a hearing thereon was ordered for August 1, 1882. On July 31, 1882, the petitioners and respondents stipulated for a dismissal, and on August 8, upon this stipulation, and without notice to any of Studdart's creditors, an order was made dismissing the proceeding. On August 17, 1882, other creditors of Studdart filed a petition in the same court praying that they might be permitted to be made parties to and join in the original petition, and for a vacation of the order of dismissal, and this petition was granted by the order now appealed from.

*Bigelow, Flandrau & Squires*, for appellant.

*O'Brien, Eller & O'Brien* and *Warner & Stevens*, for respondents.

VANDERBURGH, J. The petition in this matter, upon consent of and notice to all the parties thereto, including the creditors who had been joined or brought in during the pendency thereof, was dismissed by the court on the 8th day of August, 1882. Subsequently, upon the application of other creditors not named or previously joined, an order was made by the court, joining them as parties, and vacating and setting aside the order of dismissal, and fixing a day for the hearing of the original petition, as amended, for the appointment of a receiver. From this last order this appeal is brought.

The order granting the application of these creditors for a hearing upon the original petition, and reinstating it, is not a final order and is not appealable. The action of the court complained of could only be reviewed upon appeal from its order granting or refusing the petition for a receiver, etc. But, in view of further proceedings in the matter, the question having been argued upon the merits, we deem it not improper to add that we are of the opinion that the action of the court in dismissing the petition was regular, and that notice under the provisions of Laws 1881, c. 148, § 5, was not required to be given to creditors of the insolvent not previously joined or known in the proceedings. Section 5 must be read in connection with section 2, and refers to such creditors as have been previously made parties, or as appear from the record to have been joined or brought before the court in pursuance of the provisions of these sections. The right of other creditors, not so made parties, to institute new proceedings in insolvency, or to proceed by action to enforce their claims, is not affected; but they have no ground upon which to base a claim to reinstate proceedings upon a petition which has been regularly dismissed.

Appeal dismissed.