DAVID E. JONES *et al. vs.* DAVID SWANK.

Argued by appellant, submitted on brief by respondent, Oct. 31, 1892. Decided Nov. 17, 1892.

Motion to Vacate Attachment—Burden of Proof.

When, upon a motion to vacate an attachment as improvidently issued, the defendant traverses the facts alleged as the grounds of the attachment, the burden is upon the plaintiff to prove their truth, and this he must do by competent evidence. A mere reiteration of the general statement of his original affidavit in the language of the statute, or a statement of mere opinion or belief, is not sufficient.

Appeal by defendant, David Swank, from an order of the District Court of Wadena County, *Holland,* J., made November 19, 1891, discharging an order to show cause why a writ of attachment should not be vacated.

In the years 1890 and 1891, David Swank, the defendant, was engaged under contract with the Wadena and Park Rapids Railroad Company in grading its roadbed in Wadena and Hubbard Counties. During this work, the plaintiffs, David E. Jones and William R. Baumback, partners as D. E. Jones & Co., doing a general retail business at Menagha, in Wadena County, furnished defendant supplies. This action was brought by them to recover a balance of $1,762.86 due for the supplies furnished in July and August, 1891, and the sum of $351.55, the amount of several claims against defendant purchased of others by them. On the affidavit of William R. Baumback that the defendant was about to assign, secrete and dispose of his property with intent to delay and defraud his credit-

ors, a writ of attachment was issued, under which property of defendant was levied on. An order to show cause why the attachment should not be vacated was made on the affidavit of defendant, and the matter was heard November 17, 1891, on these and other affidavits.

The order to show cause was discharged and defendant appeals.

*T. R. Palmer,* for appellant.

It conclusively appears from the record that the defendant was not about to assign, secrete or dispose of his property with intent to delay or defraud his creditors. When the allegations in the moving affidavit are denied, they must be proven by competent legal evidence, such as would be received in the ordinary course of legal proceedings, and the burden of proof is on the plaintiff. *Pierse* v. *Smith,* 1 Minn. 82, (Gil. 60;) *Hinds* v. *Fagebank,* 9 Minn. 68, (Gil. 57;) *Drought* v. *Collins,* 20 Minn. 374, (Gil. 325;) Waples, Attach. § 433; 1 Wade, Attach. § 281; *Blandy* v. *Raguet,* 14 Minn. 491, (Gil. 368;) *Carson* v. *Getchell,* 23 Minn. 571.

The following are pertinent cases as to the showing necessary to be made to support an attachment on the ground plaintiff attempts to prove: *Evans* v. *Warner,* 21 Hun, 574; *Wilson* v. *Britton,* 26 Barb. 562; *Dickinson* v. *Benham,* 10 Abb. Pr. 390; *Allen* v. *Meyer,* 73 N. Y. 1; *Andrews* v. *Schwartz,* 55 How. Pr. 190; *Mott* v. *Lawrence,* 17 How. Pr. 559; *Frank* v. *Levie,* 5 Rob. (N. Y.) 599; *O'Reilly* v. *Freel,* 37 How. Pr. 272; *Ridgway* v. *Smith,* 17 Ill. 33; *Mack* v. *Jones,* 31 Fed. Rep. 189; *Strauss* v. *Abrahams,* 32 Fed. Rep. 310; *Thompson* v. *Dater,* 10 N. Y. Supp. 613; *Wingo* v. *Purdy,* 87 Va. 472; *Keith* v. *McDonald,* 31 Ill. App. 17.

*Coppernoll & Willson,* for respondent.

The court below found from the evidence before it that the defendant was about to assign, secrete and dispose of his property with intent to hinder and defraud his creditors. Unless the evidence is overwhelmingly against this finding, the order should not be disturbed. *Brown* v. *Minneapolis Lumber Co.,* 25 Minn. 461. The affidavits furnished evidence sufficient to support the attachment. 1

Wade, Attach. §§ 197, 208; *Anderson* v. *O'Reilly*, 54 Barb. 620; *Marqueze* v. *Sontheimer*, 59 Miss. 430; *Wilson* v. *Forsyth*, 24 Barb. 105; *Sherrill* v. *Bench*, 37 Ark. 560.

MITCHELL, J. The ground of attachment stated in plaintiffs' affidavit upon which the writ was issued was "that defendant is about to assign, secrete, and dispose of his property, with intent to delay and defraud his creditors." The affidavit also specified three kinds of property, which plaintiffs alleged the defendant was thus about to dispose of, to wit, a lot of horses, $5,000 in money, and certain real estate in St. Paul, "standing in the name of his wife."

Upon the motion to vacate the writ as improvidently issued, the defendant, by affidavit, not only fully traversed the facts alleged in plaintiffs' affidavit as the ground of attachment, but also proceeded to explain fully, and, as we think, satisfactorily, everything that he had done or contemplated doing with any of the property referred to by plaintiffs. This explanation, if true, affirmatively and conclusively disproved any fraud on his part, either in act or intent. Defendant's affidavit was corroborated to a considerable extent by the affidavits of other persons. Plaintiffs introduced in rebuttal affidavits of themselves and several other persons. These abound in very strong assertions of beliefs entertained and conclusions arrived at, such as that they found the defendant "tricky" and "untrustworthy," and that they believe "that, if possible so to do, he would willingly assign, secrete, and dispose of his property to hinder, delay, and defraud his creditors;" but we have searched in vain for the statement of a single fact or circumstance which would be competent evidence tending to prove the ground of attachment, to wit, that defendant was about to assign, secrete, or dispose of his property, with intent to delay or defraud creditors.

The only issue raised by a traverse of an affidavit for attachment is as to the truth or falsity of the facts alleged as the grounds for the issuing of the writ. The burden is then on the plaintiff to prove their truth. This he must do by proof, in the form of supporting affidavits, of such facts and circumstances as would be competent evidence on such an issue. A mere reiteration of the general state-

ment in his original affidavit in the language of the statute, or a statement of mere opinions or beliefs, would add nothing. The issue is one of fact, viz., the truth or falsity of the alleged ground for attachment, and, like every other issue, must be determined upon the evidence.

Wherever the affidavits contain evidence reasonably tending to support the decision of the district judge on such a motion, we would, of course, decline to disturb his action; and, inasmuch as an intent to fraudulently dispose of property is usually difficult to prove by any direct evidence, we would not disturb the decision of the trial judge that an attachment should stand where there was evidence of a circumstantial nature from which it might be fairly or reasonably inferred that a debtor intended to make a fraudulent disposition of his property. But in this case there was absolutely nothing in the nature of competent evidence contained in the affidavits on behalf of plaintiff that added anything to his original general statement in the language of the statute. The affidavits did show that defendant was considerably embarrassed financially; that he owed debts which he could not pay at maturity; that he had made some promises to pay which he had been unable to perform. They may also show that he had paid some creditors faster than others, but this he had a perfect legal right to do. So far from there being anything to show that he was attempting or intending to secrete or dispose of any of his property so as to put it out of the reach of creditors, we think it affirmatively appears that he had applied all moneys, as fast as they came into his hands, towards payment of his honest debts, and that the only attempt he has ever made to sell any of his property (the horses) was for the very purpose of raising money for that purpose.

There is such an entire absence of any showing to support the alleged ground for the attachment that the order discharging the order to show cause why the attachment should not be vacated must be reversed.

(Opinion published 53 N. W. Rep. 684.)