## FRANK TEREAU v. A. M. MADISON.[2]

January 26, 1917.

Nos. 20,105—(224).

**Motion to vacate attachment — burden of proof.**

Upon a motion, based on affidavits putting in issue the alleged facts on which a writ of attachment was issued, to vacate the writ, the burden is upon plaintiff to sustain the allegations of the original affidavit. The plaintiff having failed to do this, the court properly vacated the writ. [Reporter.]

Action in the district court for Polk county. Defendant obtained an

[1]Reported in 160 N. W. 1028.          [2]Reported in 160 N. W. 1024.

order requiring plaintiff to show cause why a writ of attachment should not be vacated and why the property seized thereunder should not be released. From an order, Watts, J., vacating the attachment and releasing a gray mare seized under it, plaintiff appealed. Affirmed.

J. A. Hendricks, for appellant.

W. E. Rowe, for respondent.

PER CURIAM.

This is an action to recover money upon contract. The plaintiff procured a writ of attachment. In his affidavit he alleged as grounds for the writ, that the defendant "has assigned, secreted, disposed of his property with intent to delay and defraud his creditors, and is about to dispose of the rest of his property, with the same intent."

Under this writ the sheriff seized one gray mare belonging to the defendant; the defendant procured an order to show cause why the writ should not be vacated and the property released. Upon the hearing the matter was submitted upon affidavits filed by the defendant, traversing and putting in issue the allegations of the affidavit for the writ, counter affidavits of the plaintiff and the pleadings and files.

The court made an order vacating the writ and dissolving the levy, from which order the plaintiff appealed.

Upon a motion to vacate a writ of attachment, based upon affidavits putting in issue the alleged facts upon which the writ was issued, the burden is upon the plaintiff to sustain the allegations of the original affidavit, by competent evidence. Jones v. Swank, 51 Minn. 285, 53 N. W. 634. This the plaintiff failed to do. We are of the opinion the order of the district court was right.

Order affirmed.