## DAN SWEENEY v. JAMES McMAHON.[1]

April 16, 1920.

No. 21,661.

**Dissolution of attachment — reversal on appeal — burden on plaintiff.**

1. An order granting an application to dissolve an attachment will not be reversed, unless it is manifestly contrary to the evidence. The burden of sustaining the allegations of his original affidavit for attachment is upon the plaintiff.

**Attachment because of intent to defraud creditors — mental incompetence of defendant.**

2. A writ of attachment was procured on the ground that defendant was about to dispose of his property with intent to defraud his creditors. The evidence produced at the hearing of a motion to vacate the writ was sufficient to justify the court in finding that defendant was not about to dispose of his property, and that he was mentally incapable of entertaining an intent to defraud his creditors, and the motion might properly be granted on either or both of these grounds.

Action in the district court for Sibley county to recover $900.15 upon two promissory notes. From an order, Tifft, J., granting the motion of defendant's guardian ad litem to vacate a writ of attachment issued against the property of defendant, plaintiff appealed. Affirmed.

*O. S. Vesta,* for appellant.

*T. Otto Streissguth,* for respondent.

LEES, C.

In February, 1919, defendant was conducting a saloon at Green Isle in this state. The local bank held his note for $600, upon which $250 had been paid. Plaintiff was a surety on the note. Defendant was drinking heavily, and about the fifteenth of February had an attack of delirium tremens and was confined to his house, his business being carried on by others acting in his behalf. On February 27 he executed a new note to the bank for $513.35, payable on demand. Plaintiff was a surety on this note. When it was given, the old note was taken up.

[1] Reported in 177 N. W. 361.

On the same day, payment of the new note was demanded. Plaintiff paid it and immediately commenced this action to recover the amount paid. At the same time he caused an automobile and defendant's stock of liquors to be attached, upon the ground stated in the affidavit for attachment—that defendant was about to assign, secrete or dispose of his property with intent to delay or defraud his creditors. At the direction of defendant's brother-in-law, the saloon was closed on the morning of February 27, ostensibly to take an inventory of the stock. It was closed when the attachment was levied. On March 13, 1919, the probate court of Ramsey county found that defendant was insane and committed him to the State Hospital for the Insane at St. Peter, where he was under treatment until some time in July, when he recovered his reason and was discharged. In the meantime a guardian ad litem had been appointed to appear for him in this action. On March 6, his guardian applied to the district court for the vacation of the attachment, on the gronud that when the writ was issued defendant was not about to dispose of or secrete his property and was mentally incapable of entertaining an intent to delay or defraud his creditors. The application was heard upon conflicting affidavits, and was denied by an order entered May 24, 1919. Thereafter defendant applied for the vacation of the order and for leave to renew the application upon additional affidavits. This application was granted, additional affidavits were filed, and at the second hearing an order was entered vacating the attachment and setting aside the writ. From this order plaintiff appeals.

The sole question is whether there is evidence reasonably tending to support the order dissolving the attachment. It is well settled that the determination of the trial court of that question will not be reversed, unless it is manifestly contrary to the evidence, 1 Dunnell, Minn. Dig. § 662, and that the burden of sustaining the allegations of his original affidavit is upon the plaintiff. Tereau v. Madison, 135 Minn. 469, 160 N. W. 1024. The affidavits do not make it appear that defendant did in fact assign or dispose of any of his property, except as he sold liquor across the bar in his saloon in the usual course of business. It does not appear that he had negotiated a sale of any of his property, or that he contemplated selling it, except as above stated. It does appear that he was drinking heavily; was not attending to business; was

hard pressed for money; had taken several trips to St. Paul or Minneapolis, leaving his saloon in charge of persons who are alleged to have been irresponsible, and that he had been playing poker and lost money at it. It is quite true that defendant's conduct, if persisted in, would naturally lead to failure, and to losses on the part of his creditors, but this is not enough to require a trial court to hold that there is ground for attachment.

Furthermore the affidavits tend to show that, after February 15 and until defendant was discharged from the St. Peter hospital, he was insane. They support the conclusion that his mind was so affected by excessive drinking that, when the attachment was made and for a week or more theretofore, he was incapable of forming or entertaining a purpose to defraud or delay his creditors.

Upon either or both of these grounds, the court was justified in granting the application, and therefore its order must be sustained.

Order affirmed.