JACOB HURNI v. ANDREW JOHNSON.[1]

June 4, 1920.

No. 21,813.

**Attachment — conflicting affidavits — reversal of order vacating.**

> An order vacating an attachment will not be disturbed where it appears that it was made on conflicting affidavits which show no clear preponderance of proof opposed to the order.

In the district court for Wilkin county plaintiff obtained a writ of attachment upon the affidavit mentioned at the beginning of the opinion. Defendant appearing specially moved to vacate the writ and the levies made thereunder, and his motion was granted, Flaherty, J. From the order vacating the writ and the levy thereunder, plaintiff appealed. Affirmed.

*Lewis E. Jones,* for appellant.

*Dan R. Jones, W. E. Purcell* and *W. A. Divet,* for respondent.

HOLT, J.

The appeal is from an order vacating an attachment procured upon an affidavit stating that "defendant secreted, assigned and disposed of his property with the intent to hinder, delay and defraud his creditors." The action was brought on two promissory notes whereon there was unpaid about $300, and on a count for money had and received amounting to $400. When the motion to vacate was made the one note had been paid in full, and on the other there was unpaid about $75. Defendant claimed that nothing was due for money had and received, and that he had a claim against plaintiff for $800.

It is urged that defendant's denial of the existence of the ground claimed by plaintiff for the attachment is a negative pregnant and insufficient. But, in addition to the denial, defendant went into details showing the transactions, which plaintiff charges to have been with the view to secrete, assign and dispose of his property, to have been open and above board, in the usual course of his business, and with

[1]Reported in 177 N. W. 942.

no intent to hinder, delay or defraud creditors. In the voluminous affidavits and counter-affidavits are set forth many matters, of little or no bearing upon the existence or nonexistence of a valid ground for attachment.

The alleged wrongful disposition of defendant's property consisted in exchanging certain horses covered by plaintiff's chattel mortgage for other animals or property, shipping a few horses to Beltrami county, and putting others out among farmers to be winter fed. The showing by defendant was to the effect that for a long time he had been conducting a livery and sales stable at Campbell, Minnesota; that in said business sales and exchanges of horses and other property are of almost daily occurrence; that when he bought out plaintiff, who had been his partner in the business, and gave him a chattel mortgage on some of the horses to secure one of the notes sued on, it was agreed that defendant should have the right to sell or exchange, in the usual course of business, any of the property covered by the mortgage, and deposit the proceeds in the bank where the note was left to be applied by the bank upon the note; that when the action was brought enough had been so deposited from the sale or exchange of the horses and property, alleged by plaintiff to have been disposed of for the purpose of defrauding creditors, to pay the note, except a very small amount, but that the bank had misapplied some $88 thereof; that the seven horses placed with neighboring farmers to be winter fed were so disposed of openly and for a legitimate purpose; that the teams shipped to Beltrami county were so shipped to be used for hire during the logging season, and plaintiff so knew when he procured the attachment; that the far greater amount of defendant's property was kept at his place of business and employed therein in the usual and ordinary way; that defendant owned and kept in business 12 more horses when the attachment was procured than he owned when he dissolved partnership with plaintiff, a few months previously. It is readily seen that, if the court below accepted defendant's explanation of the handling and disposition of his property, there never existed any valid ground for the attachment and no other course was open than to dissolve it.

Plaintiff attacked defendant's character and reputation as to truthfulness and business honesty, but defendant produced an affidavit, signed

by 11 residents of Campbell and its vicinity who had known defendant ever since he came to that village, stating that his reputation for truth and veracity was good, and such also was his reputation for paying his bills and square dealing.

We may also add that plaintiff made no denial that there was an agreement to the effect that defendant might sell and dispose of the property and horses mortgaged to plaintiff in the usual course of business and deposit the proceeds in the bank as above stated, nor was there any attempt to show that defendant had violated that agreement in any respect.

But, granting that there was a conflict in the affidavits as to whether a disposition had been made by defendant of his property with intent to hinder, delay or defraud his creditors, the trial court's determination must stand, for, as above indicated, it has ample support, and the rule is that a determination of a question of fact, on the hearing of a motion on affidavits, will not be reversed, if there be evidence reasonably tending to support it. Viers v. Perry, 112 Minn. 348, 127 N. W. 1120.

Order affirmed.