CLARKE & SIMMONS, INC. v. H. V. RULE.[1]

December 23, 1921.

No. 22,559.

Vacating attachment.

1. The record justifies the order of the trial court refusing to vacate the attachment.

[1] Reported in 185 N. W. 947.

**Affidavit not defective for inconsistency.**

    2. An affidavit for attachment, charging that defendant "has assigned, secreted or disposed of his property and is about to further do so with the intent to delay and defraud" his creditors, is not defective as charging two inconsistent grounds therefor.

Appeal by defendant from an order of the district court for Hennepin county, Jelley, J., made on June 9, 1921, discharging an order to show cause and denying defendant's motion to dissolve a writ of attachment. The facts are given in the opinion. Affirmed.

*George A. Lewis,* for appellant.

*E. E. Eder,* for respondent.

TAYLOR, C.

Defendant appeals from an order refusing to vacate an attachment. The affidavit on which the writ was issued charged "that defendant has assigned, secreted or disposed of his property and is about to further do so with the intent to delay and defraud" his creditors. Defendant traversed the charge and the burden was on plaintiff to prove it. Jones v. Swank, 51 Minn. 285, 53 N. W. 634; Schoeneman v. Sowle, 102 Minn. 466, 113 N. W. 1061; Furst v. W. B. & W. G. Jordan, 142 Minn. 230, 171 N. W. 772.

Plaintiff's affidavits, so far as they bear on the issue tendered, consist largely of generalities and conclusions and contain little of substance except the fact that defendant had received a considerable amount of property in settlement of his claim to a share in the estate left by his father, and had not kept his promise to secure the debt for which this suit is brought.

But defendant made an affidavit in which he admitted disposing of certain property received out of his father's estate in 1920, and attempted to explain what he had done with the proceeds of this property. His explanation is not satisfactory.

He received and disposed of a mortgage in the sum of $10,000, and accounts for the absence of the proceeds by saying that he expended $3,000 for household furniture, $2,000 in equipping and improving a billiard room which he was operating, and the balance of $5,000 in paying bills which he owed. But he fails to name any

creditor that he paid, or to point out any liability that he satisfied with this money.  He received $1,000 in war saving stamps, and says that he gave them as a present to his wife.  He received a certificate of deposit of $1,000, and says that he used this in paying the expenses of a pleasure trip which he and his wife took to Chicago and Milwaukee.

The record must be taken as a whole.  It is the province of the trial court to determine questions of fact, and on this record we find no valid ground for disturbing the conclusion reached by that court. Viers v. Perry, 112 Minn. 348, 127 N. W. 1120; Hurni v. Johnson, 146 Minn. 99, 177 N. W. 942.

Defendant's contention that the affidavit for the attachment is defective in that it sets forth two inconsistent grounds for the issuance of the writ, is sufficiently answered in Nelson v. Munch, 23 Minn. 229.

. Order affirmed.