CHALMERS MOTOR CAR COMPANY v. MIDLAND MOTORS COMPANY, INC.[1]

October 27, 1922.

No. 22,944.

**Attachment vacated.**
  The trial court rightly vacated an attachment issued upon the ground of a disposition of property to defraud creditors.

Action in the district court for Hennepin county to recover $2,990.23. A writ of attachment was granted on the ground that defendant had disposed of part of its property and was about to dispose of the rest of its property for the purpose of delaying and defrauding plaintiff. Defendant's motion to vacate the writ was granted by Bardwell, J. From the order vacating the attachment, plaintiff appealed. Affirmed.

*M. A. Jordan* and *Thomas Kneeland*, for appellant.
*G. A. Will* and *Edward Lucas*, for respondent.

DIBELL, J.
An attachment was issued in an action by the plaintiff against the defendant upon the ground of an actual and intended disposition of its property to delay and defraud creditors. Upon motion

[1]Reported in 190 N. W. 348.

of the defendant the attachment was vacated. The plaintiff appeals.

The defendant was engaged in the automobile business and for some years was the northwestern distributing agent of the plaintiff and had established a large business. It seems to have had good credit. In the latter part of 1921 its agency was canceled. It then advertised for sale its automobiles on hand, including the Chalmers cars, at what it claimed were greatly reduced prices, and stated that its location was for rent, and that the sale was the "final clearance." The amount of the defendant's property is not shown, nor is there anything to indicate that it has debts of any considerable amount except that owing to the plaintiff, against which a counterclaim in excess of its amount is alleged, and a claim by the Maxwell company, closely affiliated with the plaintiff, the validity of which is denied. That the defendant sold and was endeavoring to sell its property is undisputed. This was good business policy since it was no longer to handle the motors of the two companies. There is little if anything to indicate that the disposition of the property was being had to delay and defraud creditors. When the affidavits are fairly in conflict the question is for the trial court. Hurni v. Johnson, 146 Minn. 99, 177 N. W. 942; Clarke & Simmons, Inc. v. Rule, 151 Minn. 30, 185 N. W. 947, and cases cited. The showing of the plaintiff is not at all strong. The trial court we doubt not reached the right result, and in any event its finding is sustained.

Order affirmed.