DICK VAN DAM v. JOHN BAKER AND ANOTHER.[1]

July 3, 1925.

No. 24,755.

Vacating order setting aside writ and levy of attachment not justified when plaintiff did not meet burden of proof cast on him by absolute denial in defendant's affidavit of assignment or secretion of property.

Alleged falsehood, in a supporting affidavit to dissolve an attachment, does not justify an order setting aside an order dissolving the attachment when the burden cast upon the plaintiff by the absolute denial in defendant's affidavit has not been met.

Acts shown by record did not prove charge of being about to assign or intent to defraud.

2. Upon the record as disclosed in the opinion, held, that proof of a transfer already made did not establish the charge in the affidavit for attachment to the effect that defendant was about to assign, and that the record failed to show intent to defraud.

Preferential transfer of property not necessarily disposition of it with intent to defraud.

3. A disposition of property with intent to defraud does not necessarily result, even though the transfer may be preferential.

Transfer to secure debt larger than value of property transferred not one with intent to defraud.

4. A transfer of property to secure a debt, where the value of the property is less than the debt, cannot be considered a transfer with intent to defraud within the spirit of the attachment statute.

Order reinstating attachment and levy is appealable.

5. An order vacating an order dissolving an attachment and levy and reinstating the same, is in effect a denial of the original motion, and is therefore appealable.

1. See Attachment, 6 C. J. p. 471, § 1103 (Anno).
2. See Attachment, 6 C. J. p. 151, § 246.
3. See Attachment, 6 C. J. p. 62, § 73.
4. See Attachment, 6 C. J. p. 62, § 73.
5. See Appeal and Error, 3 C. J. p. 549, § 388 (Anno).

[1]Reported in 204 N. W. 633.

Appeal by Art Bakker from an order of the district court for Pipestone county, Nelson, J., setting aside an order dissolving a writ of attachment and levy on real property and reinstating said levy. Reversed.

*James H. Hall* and *Charles Dealy*, for appellant.

*Morris Evans* and *C. T. Howard*, for respondent.

WILSON, C. J.

This is an appeal by Art Bakker from an order vacating and setting aside an order of the court which set aside and vacated a writ of attachment and levy, and the order appealed from reinstated the writ and the levy.

The affidavit for attachment alleged "that said defendants, and each of them, is about to assign, secrete, and dispose of his property with intent to delay and defraud his creditors, and particularly this plaintiff." Upon application for dissolution, each of the defendants by affidavit made a complete denial of this accusation. Two supporting affidavits were presented by appellant. The original affidavit of plaintiff for attachment was unsupported.

On January 8, 1923, the court made an order setting aside and vacating the writ of attachment and levy, for the reason that the grounds set out in plaintiff's affidavit for attachment were false and untrue. Judgment for $4,545.20 was entered in the action on January 20, 1923.

Appellant was the owner of the southeast quarter of section 9-105-44, Pipestone county, Minnesota, which was attached, and on July 23, 1913, he executed a contract for deed to John Wiersma, Jr., and during the time herein material $9,900 remained unpaid on this contract. On April 1, 1922, appellant, being indebted to the Security State Bank of Edgerton and the State Bank of Edgerton in the sum of $10,518.44, executed and delivered to them an assignment of his said contract for deed, for the purpose of securing said indebtedness. This assignment was recorded in the office of the register of deeds December 30, 1922. On January 10, 1923, these banks filed for record a deed from appellant bearing date April 1,

1922, conveying this land, subject to the contract, to the banks, as additional security.

An action brought by plaintiff on or about February 3, 1923, to have the assignment and deed to the bank set aside as fraudulent was adversely decided on February 13, 1924.

On May 12, 1924, plaintiff made a motion, which was heard on May 20, 1924, to vacate the order of January 8, 1923, because the two supporting affidavits were in part false, in that the persons who made them knew of the assignment of the contract for deed, and that the order was improvidently made. This motion was granted January 21, 1925, by the order from which this appeal is taken.

1. The accusation in the affidavit for attachment was that appellant was "about to assign," etc. This is a distinct ground from saying that he had done so. First Nat. Bank v. Morrow, 161 Minn. 358, 201 N. W. 442. In this case the acts shown did not establish the charge made. Upon the motion to vacate, the denial of the appellant was sufficient to cast the burden upon the plaintiff to establish the accusation. In the absence of the two supporting affidavits we could not sustain an order refusing to dissolve. Svendsgaard v. Svendsgaard, 153 Minn. 478, 190 N. W. 894; Clark & Simmons, Inc. v. Rule, 151 Minn. 30, 185 N. W. 947. The dissolution was proper. Upon the application to reinstate the attachment and levy, the court found that the two supporting affidavits were false. The alleged false statements in the supporting affidavits were not of such character as to destroy the efficacy of appellant's unqualified denial. It is doubtful if the affidavits were false in any particular. One said that no transfer had been made to defraud. The record rather confirms this statement. The other said that the defendant had "not recently assigned, disposed of, or secreted any of his property." The assignment of the contract had been made eight months before. Since appellant owned no other property to assign, the independent fact that he had assigned this contract to secure an honest debt, was wholly immaterial in support of the charge that he was about to assign. Moreover, the court had determined in a suit for that purpose that the very assignment was not fraudulent.

The order of dissolution should not have been disturbed because: (1) It was demanded by the record aside from these two affidavits; (2) proof of the transfer already made did not establish the accusation, First Nat. Bank v. Morrow, supra; and (3) the essential element of intent to defraud was absent.

A disposition of property with intent to delay and defraud does not necessarily result, even if the transfer is preferential. Nat. Cit. Bank v. McKinley, 129 Minn. 481, 152 N. W. 879; Crookston State Bank v. Lee, 124 Minn. 112, 144 N. W. 433. Transfer of property to secure a debt where the value of the property is less than the debt cannot be considered a transfer with intent to defraud within the spirit of the attachment statute.

2. The respondent asked for a dismissal of the appeal on the ground that such order is not appealable. If the order had merely vacated the prior order and by its terms reinstated the motion for further hearing, it would not be appealable. State v. Crosley Park Land Co. 63 Minn. 205, 65 N. W. 268; In re Studdart, 30 Minn. 553, 16 N. W. 452; Chouteau v. Parker, 2 Minn. 95 (118). But this order does more than that. It reinstates the writ and the levy and, in effect, is a denial of the motion, which had been previously granted and is therefore appealable.

Whether or not the motion was timely made we do not decide.

Reversed.