# OSCAR C. BURKHARD v. G. W. BARNES AND ANOTHER. S. A. ANDERSON AND OTHERS, INTERVENERS.[1]

April 1, 1926.

No. 25,411.

**Writ of attachment vacated because plaintiff failed to prove debt was fraudulently contracted.**

Upon a motion to vacate a writ of attachment a denial of the allegations of the affidavit for attachment puts the burden upon the attaching party. Upon conflicting affidavits the court found that the burden was not sustained and vacated the writ and dissolved the levy.

Attachment, 6 C. J. p. 451 n. 28; p. 454 n. 44.

Action in the district court for Hennepin county for an accounting. Interveners filed a complaint in intervention asking for an accounting. Plaintiff and interveners appealed from orders of Baldwin, J., granting defendants' motion to vacate writs of attachment against defendants' property. Orders affirmed.

*H. E. Fryberger* and *Elof J. Carlson*, for appellants.
*Einar Hoidale* and *Edward Nelson*, for respondent.

WILSON, C. J.

Plaintiff, who is a stockholder in the Travelers Equitable Insurance Company, prosecutes this action against the defendant for an accounting. The interveners are also stockholders and by their complaint in intervention seek similar relief.

Plaintiff caused a writ of attachment to be issued against defendant's property on the ground that the debt mentioned in the complaint was fraudulently contracted. Two days later the interveners caused another writ of attachment to issue against defendant on the same ground. The sheriff levied upon defendant's property by virtue of both writs and thereupon defendant made separate motions for orders vacating the writs and dissolving the levies. On December 21, 1925, the court filed an order granting defendant's

[1]Reported in 208 N. W. 192.

motion to vacate plaintiff's writ of attachment and on December 24, 1925, filed an order granting the defendant's motion to vacate interveners' writ of attachment. Plaintiff appealed from the first order and the interveners from the second.

The motions were based upon defendant's affidavit which put plaintiff to the proof of the charge made in the original affidavits for attachment. Tereau v. Madison, 135 Minn. 469, 160 N. W. 1024.

In an effort to meet the burden thus cast upon plaintiff, counsel filed an affidavit which included this statement:

"Further affiant says that the right of the plaintiff to levy a writ of attachment in said action has been established by the findings, decision and judgment entered in said District Court, in that certain action entitled C. E. Dutton, et al., plaintiffs v. G. W. Barnes, et al., defendants, and which said action was appealed to the Supreme Court of Minnesota and the opinion in which is found in 203 N. W. Rep. (162 Minn. 430) at page 414. That the identical issue and transaction involved in the above entitled action was also involved in said case of Dutton v. Barnes and was determined adversely to the said Barnes, and affiant here refers to the files, pleadings and proceedings in said District Court and also in said Supreme Court in said case of Dutton v. Barnes."

Affidavits were filed by the interveners setting forth new matter which were answered by a lengthy affidavit of defendant.

The affidavit and record before the trial court presented a question of fact as to whether the alleged debt set forth in the complaint had been fraudulently contracted. The court evidently concluded that plaintiff and the interveners had not met the burden of proof imposed upon them and we see no reason for interfering with that conclusion.

Much has been said about the case of Dutton v. Barnes, 162 Minn. 430, 203 N. W. 414, but the facts found in that case are of no importance here. The parties are not the same. The findings in that case have no probative value in this case.

Both orders are affirmed.