## J. E. LARSON v. TILLIE SOLLER.[1]

April 23, 1926.

No. 25,364.

**Motion to vacate writ of attachment granted on appeal.**

In a motion to vacate a writ of attachment upon the ground that the defendant was about to transfer property to delay creditors, the burden of proof is upon the plaintiff; and the proof in this case is *held* insufficient.

Attachment, 6 C. J. p. 451 n. 28; p. 454 n. 44.

Defendant appealed from an order of the district court for Carver county, Tifft, J., denying her motion to vacate a writ of attachment. Reversed.

*Odell & Fahey*, for appellant.

*F. C. & H. A. Irwin*, for respondent.

DIBELL, J.

On July 15, 1925, a writ of attachment was issued upon the ground that the defendant was about to dispose of her property with intent to delay her creditors. On July 29, 1925, a motion to vacate the writ was made returnable August 25, 1925. On November 30, 1925, the motion was denied. The defendant appeals.

Upon the traverse by defendant of the affidavit for attachment the burden was on the plaintiff to prove its truth. Burkhard v. Barnes, supra, page 23, and cases cited, and Dun. Dig. and Supp. §§ 653, 657, and cases cited. Upon conflicting evidence the issue is for the trial court. Dun. Dig. & Supp. §§ 657, 662.

In his affidavit, submitted at the hearing, the plaintiff alleged that the defendant owed a number of debts, and (that) as he was "informed and verily believes that the said defendant had made arrangements to sell and dispose of her crops that she grew" on a farm in 1925; and that pursuant to such intention she on August 5,

[1]Reported in 208 N. W. 759.

1925, which was after the issuance of the writ, executed a chattel mortgage on her personal property to her landlord. In the affidavit of the cashier of a bank in the vicinity it was alleged that the defendant had become "financially involved, and is heavily in debt, and is owing considerable amounts of moneys," and that her personal and real estate was encumbered. There was an affidavit of a storekeeper that she owed him a small amount of money. The affidavit of the defendant was specific that she had no intention of disposing of her property to delay creditors. The mortgage which the defendant gave to her landlord was given under some pressure to secure a valid debt. In giving it she did no more than make a preference. Van Dam v. Baker, 164 Minn. 130, 204 N. W. 633; Nat. Cit. Bank v. McKinley, 129 Minn. 481, 152 N. W. 879; Crookston State Bank v. Lee, 124 Minn. 112, 144 N. W. 433. She could pay such of her debts first as she chose. There is an affidavit that she advertised for sale at public auction a considerable amount of farm property on October 8, 1925, nearly four months after the issuance of the writ. There is no allegation that a delay of creditors was intended, though it is claimed that the proposed sale was evidentiary of such intent.

The proof may be circumstantial; but it must be of such character as to make a fair issue of fact. The reiteration of the conclusion that a transfer is about to be made with intent to delay creditors does not go far. The affidavits must be evidentiary of facts. Jones v. Swank, 51 Minn. 285, 53 N. W. 634, is profitable in this connection. It may sometimes result that proof will fail though a wrong intent exists; but this lack cannot be supplied by suspicion or speculation. We reach the conclusion that there is no sufficient basis for the charge of an intent to transfer property to delay creditors and that the writ should not have issued.

Order reversed.