FIRST STATE BANK OF NEW GERMANY v. TITUS
HULTGREN.[1]

December 16, 1932.

No. 29,271.

*John J. Fahey*, for appellant.
*A. E. Haering*, for respondent.

STONE, J.

Defendant appeals from an order denying his motion to dissolve a writ of attachment levied on personal property.

The motion was made on affidavits which it is not necessary to review now except to say that they presented issues of fact, possibly even of veracity, the decision of which below cannot be disturbed here.

The right to an attachment was claimed upon the ground, stated in the affidavit, that the said defendant "has assigned, secreted, or disposed of his property *and* is about to assign, secrete and dispose of other property with the intent to delay or defraud his creditors." The conjunction we have italicized differentiates this case from Guile v. McNanny, 14 Minn. 391 (520), 100 Am. D. 244, where the affidavit condemned used the disjunctive *or*. (See also First Nat. Bank v. Morrow, 161 Minn. 358, 201 N. W. 442.) The result was that inconsistent grounds for the attachment were alleged in the alternative. That was not done in this case. The affidavit here

[1]Reported in 245 N. W. 829.

must be held good under the statute, G. S. 1923 (2 Mason, 1927) § 9343, and the rule of Nelson v. Munch, 23 Minn. 229, and Clarke & Simons, Inc. v. Rule, 151 Minn. 30, 185 N. W. 947.

There is nothing in the additional argument for defendant that the affidavit was bad because it charged that defendant was about to dispose "of other property" rather than other of *his own* property. To interpret the language as charging intended disposition of property other than his own is hypercritical in the extreme so plainly so as to need no other condemnation.

Affirmed.