P. R. CALLANAN v. CLARA CALLANAN.[1]

April 13, 1933.

No. 29,371.

Murphy, Johanson, Winter & Nelson, for appellant.

A. G. Loomis, for respondent.

..PER CURIAM.

The plaintiff is the brother of the deceased husband of the defendant. On July 7, 1932, he brought action to recover the sum of $689.85 upon the promissory note of the defendant given February 21, 1931, due in one year. This had been renewed several times.

On June 14, 1932, he filed an affidavit of attachment upon the following grounds:

"That the defendant has assigned, secreted and disposed of a part of her property with intent to delay and defraud her creditors, and that the defendant is about to assign, secrete and dispose of the

[1] Reported in 248 N. W. 45.

rest of her property with intent to delay and defraud her creditors, particularly the plaintiff herein."

A writ was issued on July 14, 1932.

On August 9, 1932, the defendant moved to vacate the attachment for the reason that no statutory ground existed for the issuance of the writ. She supported it by an affidavit sufficient as a denial.

On August 16, 1932, the plaintiff filed an affidavit in denial of the allegations of the defendant's affidavit. This was traversed by the defendant. On August 27, 1932, the motion for an order vacating the writ and levy was denied, and defendant appealed from the order.

The affidavit for attachment was sufficient. The defendant's denial of the facts set forth in the affidavit was sufficient, and the burden was upon the plaintiff to establish a cause in rebuttal.

From the allegations of the plaintiff it appears that upon the death of defendant's husband she became a life owner of the south half of the southeast quarter of section 3, township 107, range 35, Cottonwood county, and the owner of a one-third interest in the north half of the southeast quarter of section 9, and the north half of the southeast quarter of section 3, township 107, range 35.

The plaintiff alleges:

"That during the year 1928 the defendant sold and conveyed her interest in the north half of the southeast quarter of section nine, township one hundred seven, range thirty-five, Cottonwood County, Minnesota, being a part of the real property which she inherited from her deceased husband. That about that time she mortgaged her interest in the remaining real estate for the sum of two hundred dollars ($200) to secure other indebtedness of the defendant.

"That at about the due date of the note on which this action was brought the defendant agreed and promised to make some satisfactory settlement with him by July of this year, either by paying the note or giving him security on her remaining interest in the said real property. That defendant, at the time the said eighty acres were sold and before she received the purchase price thereof,

agreed and promised to pay plaintiff the entire amount of her said indebtedness to him out of said proceeds, but that after the purchase price thereof was received by defendant she made no effort whatsoever to pay her said indebtedness to plaintiff or any part thereof and paid nothing to plaintiff thereon. That the defendant has failed to give plaintiff any security whatsoever, but in truth and in fact informed the plaintiff in June, 1932, that he could not collect the note from her and that he could not touch her land; that the land was mortgaged and that she had no intention of ever permitting him to obtain any lien against her land and that she would see to it that he could never reach it."

The plaintiff's affidavit alleges the source of the defendant's title to the land and what might seem to be a natural equity in him that he be paid from it. This does not seem to have any bearing upon the question of the fraudulent disposition of the land.

The rule is that upon compliance with the statutory requirements the writ issues as a matter of right. 1 Dunnell, Minn. Dig. (2 ed.) § 623. Upon the coming in of a denial it is for the plaintiff to prove by affidavit the allegations of the affidavit. 1 Dunnell, Minn. Dig. (2 ed.) § 657. On appeal to this court the determination of the trial court will not be reversed unless it is manifestly contrary to the evidence.

The facts need not be stated further. The case made is far from strong. There is nothing to indicate that the $200 mortgage was a fraud upon the plaintiff. It went to secure other indebtedness. This is an allegation of the plaintiff. The sale in 1928 is not alleged to be fraudulent. There is the claim that the defendant promised but refused to pay, and in 1932 informed the plaintiff that he could not collect the note, that the land was mortgaged, and that she had no intention of permitting him to obtain any lien against it.

Following the rule as to the weight of the trial court's determination, its order is sustained.

Order affirmed.