## GEORGE J. REILING v. AVERY G. WOOD.[1]

April 29, 1938.

No. 31,671.

[1]Reported in 279 N. W. 579.

*Francis M. Smith,* for appellant.
*G. Halvorson,* for respondent.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from an order dissolving a writ of attachment theretofore issued.

His action was brought to recover a balance claimed to be due on a conditional sales contract. The basis for the writ is the affidavit for attachment, which alleges that "defendant has assigned and sold" certain property "for the purpose and with the intent of delaying and defrauding his creditors and affiant avers that defendant is about to assign, secrete and dispose of certain of his other property with the intent of delaying and defrauding his said creditors, among them this affiant." Defendant moved to vacate the attachment and in support thereof submitted an affidavit in which he specifically denies having "assigned, secreted or disposed of his property or is about to do so with intent to delay or defraud his creditors," and avers that the charges quoted in the attachment affidavit "are entirely false and malicious and without any truth in fact"; also, that the attachment proceedings were had "for the purpose of harassing and annoying this defendant so that he might be compelled to pay the amount claimed" by plaintiff in his complaint. Upon hearing had, the court granted the motion to vacate and in the order here for review "discharged, vacated, and quashed" the attachment, also directing plaintiff "to forthwith redeliver said attached property to the defendant."

■ Attachment is a provisional remedy, purely statutory, and has for its object the satisfaction of such judgment as plaintiff might recover in his action. It is a purely ancillary remedy. 1 Dunnell, Minn. Dig. (2 ed.) § 622, and cases cited under notes 25 and 26.

■ The statute under which the attachment issued requires (2 Mason Minn. St. 1927, § 9343, subd. 4) as a basis for its issuance a showing by affidavit that defendant "has assigned, secreted, or disposed of his property, or is about to do so, with intent to delay or defraud his creditors."

In Harris v. Spencer, 130 Minn. 141, 144, 153 N. W. 125, 126, the court said:

"The weight of authority is clearly that an actual personal intent to delay or defraud creditors is necessary to support an attachment. * * * Whether this intent existed in the case at bar was a question of fact for the trial court."

"A preferential transfer or payment, without actual fraud, does not constitute a disposition of property with intent to delay and defraud creditors, so as to authorize the issuance of a writ of attachment." 1 Dunnell, Minn. Dig. (2 ed.) § 629, and cases cited under note 56.

■ "A writ [of attachment] may be vacated either because the statute has not been complied with in its allowance and issuance, or because the statements of the affidavit for its allowance are untrue." Id. § 653, and cases cited under note 20.

So it is plainly to be seen the question presented to the court was one of fact or possibly one of veracity. First State Bank v. Hultgren, 187 Minn. 502, 245 N. W. 829. The entire issue may well be disposed of in the language used in Callanan v. Callanan, 188 Minn. 609, 611, 248 N. W. 45, 46:

"The rule is that upon compliance with the statutory requirements the writ issues as a matter of right. 1 Dunnell, Minn. Dig. (2 ed.) § 623. Upon the coming in of a denial it is for the plaintiff to prove by affidavit the allegations of the affidavit. 1 Dunnell, Minn. Dig. (2 ed.) § 657. On appeal to this court the determination of the trial court will not be reversed unless it is manifestly contrary to the evidence."

Order affirmed.