Michael A. **LENAHAN**, et al.,
Respondents,

v.

Gerald J. **LANDSBERGER**, et al.,
Respondents,

Constitutional Trust # 2–372,
Intervenor, Appellant.

No. C3–86–247.

Court of Appeals of Minnesota.

Aug. 12, 1986.

Frank T. Mabley, Greenstein, Mabley & Wall, St. Paul, for Michael A. Lenahan, et al.

Thomas L. Iliff, Bloomington, for Gerald J. Landsberger, et al.

Constitutional Trust # 2–372, Jeffrey Fadden, pro se.

Considered and decided by POPOVICH, C.J., and WOZNIAK and RANDALL, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

Constitutional Trust # 2–372 appeals from the denial of its motion to vacate a writ of attachment. We reverse.

## FACTS

Plaintiffs/respondents initiated a lawsuit against defendants/respondents for misrepresentation for leading plaintiffs into illegal tax avoidance schemes. The tax avoidance schemes were found to be illegal "sham" vehicles for tax avoidance by the Minnesota tax court, the IRS, the federal tax court, and the federal district court in criminal actions. For a description of the scheme, see *United States v. Landsberger,* 692 F.2d 501 (8th Cir.1982).

When plaintiffs filed their complaint in July 1983, they attached the proceeds from a contract for deed. In an accompanying affidavit, plaintiffs' attorney alleged that:

> Defendant Landsberger previously owned a home in Arden Hills which was sold for a price in excess of $100,000 but which bears an existing contract for deed for an original amount of $10,000 payable to defendant Gerald Landsberger.

The contract for deed actually is not on its face payable to Gerald Landsberger. Rather, it is payable to "G.J. Landsberger Family Constitutional Trust # 2–372." The contract was signed by Gerald and his wife Betty as trustee and co-trustee of the trust in March 1982. The Landsbergers had conveyed the real estate for $1 to the trust in January 1981.

At the time of the attachment in 1983, Gerald Landsberger was a trustee of trust # 2–372. Since the attachment, payments under the contract have been held by the sheriff. The record contains no copy of the original documents for trust # 2–372 listing Gerald as trustee.

In May 1985, appellant Jeffrey Fadden as trustee for trust # 2–372 filed a motion to intervene and vacate the attachment. Fadden produced a trust agreement dated April 5, 1985 that listed himself as trustee of # 2–372 and Constitutional Trust # 1–372 as beneficiary. The motion for the trust to intervene was granted on May 23, 1985.

On January 7, 1986, the trial court denied intervenor's motion for protection, denied the motion to vacate the writ, and set the matter for an evidentiary hearing to determine the allocation of funds from the contract.

## ISSUE

Did the trial court err in refusing to vacate the attachment?

## ANALYSIS

The Minnesota attachment statute provides that:

In an action for the recovery of money * * * the plaintiff, at the time of issuing the summons or at any time thereafter, may have the property of the *defendant* attached in the manner hereinafter prescribed * * *.

Minn.Stat. § 570.01 (1982) (emphasis added).

To obtain the writ of attachment, the plaintiff, his agent or attorney, shall make affidavit that a cause of action exists against the *defendant* * * *.

Minn.Stat. § 570.02, subd. 1 (1982) (emphasis added).

■ Because the intent of the attachment statute is to protect innocent persons, the requisite affidavit must contain more than a recitation of conclusory allegations in statutory language. *International State Bank v. Gamer*, 281 N.W.2d 855, 859 (Minn.1979).

■ In the present case, the contract for deed is clearly payable to Constitutional Trust # 2–372. Because trust # 2–372 was not a defendant in the action, any attachment of the contract's proceeds would have required an affidavit setting forth the connection between defendant Landsberger and the trust. The affidavit would have had to show that Landsberger was in fact receiving the benefits of the contract.

However, the affidavit here makes no mention of trust # 2–372. The affidavit makes no attempt to show a connection between the trust and a defendant in the action. Rather, the affidavit makes only the allegation that the contract for deed is payable to Landsberger. Such an allegation is woefully insufficient to meet the specificity required in an attachment affidavit, and appears to be patently false.

Furthermore, once a party has denied the allegations in the affidavit, the holder of the writ has the burden of sustaining those allegations necessary for the writ. *Tereau v. Madison*, 135 Minn. 469, 470, 160 N.W. 1024, 1024 (1917). However, even after the hearing to vacate the writ, the record is still devoid of any evidence tending to show

that Landsberger was receiving the benefits of the contract for deed.

Plaintiffs also contend that trust # 2–372 is a sham or fraudulent trust. Nothing in the record suggests that this argument was presented to the trial court, and thus it will not be considered on appeal.

While we are not unmindful of the character of the trust at issue here, we are constrained to apply the attachment statute equally to all.

## DECISION

The trial court is reversed and the writ of attachment is vacated.