Marian **BRADY,** individually and as Executor for the Estate of James T. Brady, et al., Respondents,

v.

Robert P. **WARDIN,** Appellant.

No. C2–87–945.

Court of Appeals of Minnesota.

Sept. 29, 1987.
Review Denied Nov. 18, 1987.

Joseph F. Lulic, Hanson, Noel & Lulic, Minneapolis, for respondents.

Robert P. Wardin, pro se.

Considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

This appeal involves farm property sold to appellant Robert P. Wardin under a contract for deed, appellant's default on the contract and the subsequent attachment of rent proceeds derived from the property. On June 2, 1986, respondents Marian Brady, individually and as executor for the estate of James T. Brady, John Brady, Wilma Brady, Vivian M. Regnier, Thomas A. Ryan and Clair B. Ryan moved for summary judgment on the issue of appellant's default, seeking unpaid installments, back taxes and attorney fees. The motion was denied. Appellant subsequently moved for dismissal of the case, claiming he was entitled to relief under the Farmer-Lender Mediation Act, Minn.Stat. § 583.20 (1986). The trial court denied the motion.

On December 5, 1986, respondents moved to attach crop rent proceeds derived from the property in 1986. The trial court granted the motion for attachment and scheduled the matter of default for trial. Appellant then petitioned this court for a writ of prohibition to obtain relief from pre-judgment attachment proceedings. On April 28, 1987, this court remanded the matter and ordered the trial court to issue an immediate attachment order complying with Minn.Stat. § 570.051, subd. 1 (1986). On May 12, 1987 in compliance with this court's order, the trial court issued an order of attachment. On appeal, appellant claims insufficient grounds exist for attachment. We affirm.

## FACTS

Appellant and respondents entered into a contract for deed for the sale of farm property in March 1982. The contract for deed called for a total purchase price of $510,000 plus interest, payable in six annual installments of $5,100 commencing April 1, 1982. The remaining principal and any accrued interest was due and payable in full on April 1, 1988. Appellant made the required installment payments until April 1984. He failed to make the required payments in April 1985 and April 1986.

Appellant and a partner leased the property during the 1986 crop year, receiving $20,659 in rent proceeds, none of which were applied toward contract for deed payments or taxes due and owing on the property. The trial court ordered one-third of the rent proceeds to be released to appellant's partner pursuant to the lease agreement. The balance of the rent proceeds ($13,802.67) was deposited with the court.

## ISSUE

Did the trial court err in ordering attachment of rent proceeds derived from the

subject property when appellant was in default under the contract for deed?

### ANALYSIS

 Minn.Stat. § 570.02, subd. 1 (1986) states in relevant part:

> **Grounds.** An order of attachment which is intended to provide security for the satisfaction of a judgment may be issued only in the following situations:
>
> (1) When the respondent has assigned, secreted, or disposed of, *or is about to assign, secrete, or dispose of*, any of the respondent's nonexempt property, with intent to delay or defraud the respondent's creditors.

(Emphasis added.) Minn.Stat. § 570.026 provides in part:

> Subdivision 1. **Motion.** A claimant seeking to obtain an order of attachment in other than extraordinary circumstances shall proceed by motion. The motion shall be accompanied by an affidavit setting forth in detail:
>
> (1) the basis and amount of the claim in the civil action; and
>
> (2) the facts which constitute one or more grounds for attachment specified in section 572.02.
>
> \* \* \* \* \* \*
>
> Subd. 3. **Standards for order.** An order for attachment may be issued only if the claimant has demonstrated the probability of success on the merits, and the claimant as demonstrated facts that show the existence of at least one of the grounds stated in section 570.02.

Minn.Stat. § 570.026, subds. 1, 3 (1986). Compliance with section 572.02 requires more than a recitation of conclusory allegations in statutory language. *International State Bank v. Gamer*, 281 N.W.2d 855, 859 (Minn.1979).

 While it is true that respondents could have been more precise in detailing the circumstances supporting attachment, the allegations set forth in the affidavit are not merely conclusory. Appellant admits he made no payments under the contract for deed after April 1, 1984. Furthermore, he failed to submit evidence indicating he intended to apply the 1986 crop rental proceeds to the amounts due under the contract for deed or to taxes owed. Under the circumstances, the trial court's finding that attachment of the funds was necessary to preserve the available assets was not manifestly contrary to the evidence. *See Reiling v. Wood*, 202 Minn. 576, 279 N.W. 579 (1938).

 Appellant further argues that a contract for deed vendor who has commenced an action for specific performance is not also allowed to attach the vendee's rent proceeds to satisfy the judgment. However, appellant fails to cite any authority for this proposition and does not explain why vendors under a contract for deed should be treated any differently from other creditors. Respondents should not be forced to decide between seeking payment for money due under the contract for deed and attachment of available assets to which they may be rightfully entitled.

### DECISION

Affirmed.